RAGIO *v.* COLLINS

AND

BANK *v.* SCOGGINS.

(*Nashville.*    January 18,    1899.)

SUPREME COURT.    *Has no power to appoint administrator ad litem.*

The Supreme Court has not authority to appoint an administrator *ad litem* upon the estate of a party who died while his case was pending before that Court.

Act construed: Acts 1889, Ch. 137.

Code construed: § 3954 (S.).

FROM  DAVIDSON.

Appeal from Chancery Court of Davidson County. JOHN W. CHILDRESS, Ch.

LELLYETT & BARR for Ragio.

COOPER & COOPER for Collins.

BRYAN & CARTWRIGHT for Mechanics' Bank.

STOKES & STOKES, N. D. MALONE, and H. PARKS for Scoggins.

WILKES, J.    In these cases applications are made to appoint administrators *ad litem* in this Court upon the estate of parties who have died since the cases were appealed and who have no administrators.

The Ragio cases are controversies arising at law, and the Scoggins case is one in chancery.    No opposition is made, and in the latter case a written consent is filed to the application.

The authority for the appointment of administrators *ad litem* is conferred by the Act of 1889, Ch. 137, brought into Shannon's compilation as § 3954.    This section only authorizes the appointment of such administrators in the Probate and Chancery Courts, and any other Courts having chancery jurisdiction, and devolves the duty of such appointment upon the Judge of such Court.

We are of opinion the authority does not apply to law Courts, unless it may be in cases of equitable cognizance, nor does it apply to this Court, but only to Courts of original jurisdiction.

It is true this Court has jurisdiction of cases equitable, legal, and criminal, but its jurisdiction is *appellate only*, under the provisions of the Constitution.    The wording of the Act indicates clearly that it was not intended to apply to this Court, and there are very cogent reasons why this Court should not have or exercise the power.    We are of opinion that this Court has not the power to make such appointment, and the application is denied in each case.