MRS. VIRGINIA PARMER, Administratrix, et al. v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, AND MRS. ANNIE O. TANNER.

Western Section. April 3, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

L. H. Graves, of Memphis, for appellant.

Ralph Davis, Sivley, Evans & McCadden and Holmes, Canale, Loch & Glankler, all of Memphis, for appellee.

HEISKELL, J. This is two law suits tried together. Both cases are on industrial insurance policies on the life of Allen A. Tanner, deceased. The complainants in both cases are the same, being Mrs. Virginia Parmer, Administratrix of the estate of Allen A. Tanner, deceased, Mrs. Emma S. Tanner, the widow, and Allen Lee Tanner, a two year old boy, suing by his mother and next friend. The defendants in one case are the Prudential Life Insurance Company of America and Mrs. Annie O. Tanner, the mother of the deceased. The other case is against the Metropolitan Life Insurance Company and Mrs. Annie O. Tanner. The Prudential policy is for the sum of $355.50 and the Metropolitan for $160. Both insurance companies paid the amount of the policies into court and were discharged. The court rendered a decree in favor of the mother and held that the complainants failed to establish their claims. From this decree, complainants have appealed and assigned errors. A jury was demanded, granted, then waived and the cases by agreement tried before the Chancellor on oral evidence, but as will appear hereinafter, it is not material whether the cases be considered as for trial de novo or not.

No beneficiary was designated in the Prudential policy. James Tanner, the father of the insured, was named as beneficiary in the Metropolitan policy. He died some years before the insured.

The complainants obtained an injunction in each suit, restraining the Insurance Companies from paying the proceeds of the policies to Mrs. Annie O. Tanner or any one other than the complainants, but these injunctions were dissolved before answers filed. Annie O. Tanner avers in her answer that she is the mother of Allen A. Tanner. That she took out the Metropolitan policy when Allen was a baby, carried it for over twenty years and paid every cent of the premiums. That she also had paid all premiums on the Prudential policy, had possession of both policies and had paid funeral expenses to the amount of $440.

The Prudential Company in its answer stated that under its policy the proceeds was payable to the executors or administrators of the insured unless payment be made under the facility of payment clause which is as follows:

"It is understood and agreed that the said company may make any payment or grant any non-forfeiture provision pro-

vided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, for his or her burial or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied.''

The Prudential also stated that it had elected to pay the proceeds to the mother, but before the same could be consummated, the Administratrix instituted suit and enjoined the making of such payment.

The Metropolitan Company filed an answer stating that the beneficiary in its policy was the father of the insured, but it was informed that said beneficiary had died before Allen A. Tanner. Also that it is informed the policy is now in the hands of Annie O. Tanner. The answer then contains this:

''Defendant Metropolitan Life Insurance Company for further answer says that the policy involved in this litigation contains what is known as a facility of payment clause, that is to say, at the election of the company it may pay to any person the proceeds of said policy who show themselves to be equitably entitled to the same, or to any •one who has spent monies, either for the payment of premiums on said policy, or for burial expenses of the deceased; and in this connection would further show that it is informed that Mrs. Annie O. Tanner has filed proofs of death of the insured, alleging that he is now deceased, that she has paid the burial expenses of Allen A. Tanner, and that she has paid the premiums for several years past on said policy, and that said policy was given to her before his death by the deceased insured.

''The Metropolitan Life Insurance Company further avers that it has a good right to pay the proceeds of said policy to the said defendant, Mrs. Annie O. Tanner, under its facility of payments clause, for the reasons above stated, and that it cannot do otherwise because of the gift of said policy to said defendant, Annie O. Tanner.''

The proceeds of both policies were paid into court and the companies were discharged from liability and dismissed from the suit.

The court after hearing proof and argument and after reciting the facility of payment clauses in the policies, said this:

"Now, this record shows—the testimony adduced here—that Mrs. Annie O. Tanner has paid all of the premiums on both of these policies. It further shows that she paid all of the funeral expenses. The proof shows that she paid all of the funeral expenses. The proof shows that Annie O. Tanner is the mother of the insured and is therefore, of course, related to him by blood, so that she clearly falls within the class provided for in the clause read to whom the payment may be made.

"Now, the insurance company comes in here and files an answer and says that they were going to make the payment to her, that she is entitled to it, but, of course, they could not make the payment by reason of the fact that they were enjoined. They then asked leave to pay the money into the registrar of this court and they were allowed to do that and they were discharged from the litigation."

The Chancellor considered the stipulation that the company might pay to any blood relative appearing to be equitably entitled to the proceeds by reason of having incurred expense on behalf of the insured or for his burial, the compliance of the mother Annie O. Tanner with the conditions and the election of the company to pay to her until restrained by suit, as a contract which entitled her to the proceeds and so decreed.

It is not necessary to notice the voluminous assignments of error. The money being paid into court, the question was simply whether it should be decreed to the complainants or to the defendant, Annie O. Tanner. Neither is it necessary to consider the many cases cited to support the contention of appellants. There is no controversy as to the rule laid down in Metropolitan Life Insurance Co. v. Chappell, 151 Tenn., 299, and many other cases. That rule as applied to the present case means that if the companies had flatly refused to recognize the right of Annie O. Tanner and had refused to pay the proceeds to her, she could not have compelled them by suit to pay to her. On the other hand, it is just as clearly beyond dispute that if the companies had not been enjoined, but had carried out their intention and election and had paid the proceeds of the policies to defendant Annie O. Tanner, the complainants could not recover against the companies. Therefore, it is not necessary to notice this line of cases cited and relied on by the appellee.

The present case is somewhat different from either line of cases just referred to and may be considered in two aspects. It may be considered that the policies containing the facility of payment provisions, and the mother of the insured, Annie O. Tanner, having paid the premiums and the funeral expenses and the companies having decided that thereby she became equitably entitled to the proceeds of the policies and determined to pay same to her, that this equitable result should not be defeated by the process and decree of

a court of equity. Or again, the case might be considered in this way: The money having been paid into court and the insurance companies discharged, it became analogous to an interpleader suit in which the question was presented to a court of equity as to which of two claimants was entitled to the funds, and that the court could determine this, irrespective of what the action of the companies might have been without suit or if sued by Annie O. Tanner. If the companies had refused to pay her, then complainants could recover, but this would not preclude Mrs. Tanner from claiming against the administratrix, and a case might arise in which the election of the company to pay to one under the facility of payments clause while discharging the company, would not preclude the administrator from suing the payee. The court had the right then to settle the claims of all parties in this one suit, having all the parties before the court.

It is insisted for appellant that the companies were not restrained by injunction as the injunctions were dissolved. We do not consider this suggestion of any force, as the companies having been made parties defendant to complainant's suit, could not be expected to pay the money except into the registry of the court. This does not change the fact that but for complainant's suit the payment would have been made to Annie O. Tanner.

The Chancellor's finding of facts is supported by the preponderance of evidence and from whatever standpoint the case be considered, we think he reached the correct conclusion in decreeing the proceeds of the policies to the mother of the insured who had paid all the premiums and the funeral expenses of the deceased.

All assignments of error are overruled and the decree of the court below is affirmed. Appellants will pay the costs of appeal.

Owen and Senter, JJ., concur.