BETTIS LEE HULLETT, COMPLAINANT, APPELLANT, *v.* HALEY HULLETT *et al.,* DEFENDANTS, APPELLEES.

*(Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

432

JOHN T. ALLEN, for complainant, appellant.

CHAS. H. RUTHERFORD, for defendants, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case presents a contest over a part of the proceeds of certain industrial life insurance policies. The chancellor dismissed the bill, upon motion to dissolve an injunction. The case was heard upon bill and answer, no proof taken, and the complainant appealed directly to this court.

The bill alleged complainant was the wife of a cousin of one Curley L. Hullett; that Hullet fell into bad health and that complainant took care of him during his illness. That Hullett had industrial policies of insurance on his life and during his illness his aunt, defendant Haley Hullett, agreed to pay the premiums on said insurance and took possession of the policies. That after the insured's death, the insurance company paid the amount of the policies to the aunt and that she, after reimbursing

herself for funeral expenses and premiums paid, had a balance of about $400, which she deposited to her credit in bank. A decree was sought against the fund for the value of services rendered to the insured by the complainant and an injunction was procured against the aunt and against the bank in which she had deposited the money, restraining any disposition of the balance of the fund.

A demurrer was filed by defendant, which was overruled, with leave to rely on the demurrer in the answer. Subsequently an answer was filed and copies of the insurance policies exhibited with the answer. The case again came before the chancellor, on motion to dissolve the injunction. The chancellor was of opinion that the bill was without equity on its face, dismissed it and permitted an appeal.

The policies were payable "to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph." The next succeeding paragraph was as follows:

"The Company may make any payment or grant any non-forfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied."

A clause like that one quoted, known as the Facility of Payment Clause, was considered by the court in

*Metropolitan Life Ins. Co.* v. *Chappell,* 151 Tenn., 299, and it was shown that such a provision in such a policy was quite uniformly upheld when the insurer made payment thereunder in good faith.

In the case before us the bill presents a claim against the estate of the deceased. The bill does not charge even an implied contract on the part of defendant to pay the complainant for any attentions rendered to the deceased. The chancellor correctly decreed that such a demand as this could only be urged against the personal representative of the deceased and "no administration being sought or obtained, the bill was without merit on its face."

It is urged by the complainant that an administrator *ad litem* should have been appointed herein. No such relief as this, however, was sought in the court below and this court is without jurisdiction to appoint an administrator *ad litem. Ragio* v. *Collins,* 101 Tenn., 662.

It is to be doubted moreover, the insurer having made payment in good faith under the Facility of Payment Clause to a relative by blood of the deceased, and no beneficiary being named in the policy, whether payment to the defendant by the insurance company did not vest defendant with absolute property in the money. The Superior Court of Pennsylvania has so held in *Althouse* v. *Roth,* 35 Pa. Super. Ct., 400. See also *Brown, Administrator,* v. *Dunn,* 45 R. I., 63.

For the reasons stated, the decree of the chancellor must be affirmed.