CORINNE SLAY BAILEY, et al. v. METROPOLITAN LIFE INSURANCE CO., et al.

Middle Section. August 1, 1931.

Petition for Certiorari denied by Supreme Court, January 23, 1932.

Stokes & Stokes, of Nashville, for Corinne Slay Bailey.

J. C. R. McCall, Jr., of Nashville, for Eugenia Slay.

Garland S. Moore, of Nashville, for Insurance Company.

Louis Leftwich, of Nashville, for Fourth & First National Bank, Administrator.

William Waller, of Nashville, for Paralee Slay.

CROWNOVER, J. This was a suit to collect $1068.97, the proceeds of five insurance policies on the life of Henry Slay, deceased, paid by the Metropolitan Life Insurance Co. to his widow, Paralee Slay, under the facility of payment clauses in the policies.

The original bill was filed by complainants as child and great-grand-child of Henry Slay, as a bill of discovery, in which it was alleged that Henry Slay had certain policies of insurance issued by the defendant insurance company, and after his death the proceeds were paid to his widow, Paralee Slay, and that the insurance company had refused to inform complainants as to the facts, and prayed for a discovery and that the insurance company be required to file the policies.

The insurance company answered that it had paid $1068.97 to his widow, Paralee Slay, under the facility of payment clause of each policy, and filed five policies issued to Henry Slay.

Thereupon, the complainants filed an amended and supplemental bill against Paralee Slay and the Fourth & First National Bank, seeking to recover two-thirds of the proceeds of the policies under the statutes (Shannon's Code, secs. 4030 and 4231) which provide that the insurance on the husband's life shall be exempt to the wife and children, and seeking to impound by injunction the proceeds of said policies deposited in said bank.

Paralee Slay answered, denying their rights of recovery, and the bank answered that she had $603.17 on deposit.

The Chancellor held that Paralee had paid some of the premiums on the policies and had assumed the funeral bill, and that she, being his wife, was equitably entitled to the proceeds of the policies, as the insurance company had so designated her as beneficiary under the facility of payment clauses of the policies, and that the statutes of descent and distribution and exemptions did not apply to this case, and he therefore dismissed the bill and amended bill.

The complainants appealed and have assigned errors, which raise the propositions that the Chancellor erred in dismissing the bill, as the designation of the beneficiary by the insurance company under the facility of payment clauses in the policies was final only as to the insurance company, and that such designated beneficiary held said funds in trust for the real parties entitled thereto under the statutes.

Henry E. Slay was a negro preacher, brick layer and stone contractor. He died on August 15, 1929, leaving surviving him his widow, Paralee Slay, a daughter, Corinne Slay Bailey, and a great-grand-child, Eugenia Slay. He had been married four times, but had no children by any of his wives except two children by his first wife, named Nancy, to-wit: Corinne Slay Bailey and a son.

who died leaving surviving him a grand-child, Eugenia Slay, as his only heir at law.

Henry Slay died intestate and the Nashville Trust Co. was appointed and qualified as his administrator.

At his death, Henry Slay held five policies of industrial insurance on his life in the defendant Metropolitan Life Insurance Co., which totaled $1068.97, on which all premiums had been paid. No beneficiaries were named in any of the policies except the first policy, issued on January 15, 1906, which named his third wife, Rachel Slay, as beneficiary, and on December 23, 1925, he had Rachel Slay designated as beneficiary and endorsed on the fifth policy for $350, but Rachel Slay died shortly thereafter and he married the defendant, Paralee Slay.

Each of the policies contained a facility of payment clause as follows:

> "The Company may make any payment or grant any nonforfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

After her marriage to Henry Slay, Paralee Slay requested the collector of the insurance company to change the name of the beneficiary of the policies and make the same payable to her. She says the collector or agent of the company told her that the Metropolitan Company had quit changing beneficiaries, and that if she was married to Henry Slay she would be paid the proceeds of the policies under the facility of payment clause, and she attempted to testify that her husband had told her to make the request for a change of beneficiary to the agent of the company, but this testimony was excluded by the Chancellor on the ground that it was a confidential communication between husband and wife.

Henry Slay earned wages which he turned over to his wife, Paralee Slay, to pay the family expenses, including insurance premiums. His wife, Paralee, also earned some money by taking in sewing, which she mingled with her husband's wages and used in paying the family expenses.

The agent of the company received the premiums from Paralee from the date of her marriage to Henry Slay in October, 1926, to the date of Slay's death on August 15, 1929, about two years and

ten months, and upon her husband's death she and one of the complainants went to the undertaking establishment and selected a casket and made arrangements for the funeral, and she assumed the funeral bills.

After his death, Paralee went to the office of the manager of the insurance company, told him of her conversation with the agent, who had told her that she would be paid the proceeds under the facility of payment clauses in the policies, and she furnished evidence that she had agreed to pay the funeral expenses. Thereupon, the insurance company, upon being furnished proofs of loss, designated her as the beneficiary under the policies and paid to her the total amount of the policies, $1068.97.

After an examination of the authorities and the record in this cause we are of the opinion that the assignments of errors must be overruled and the decree of the Chancellor must be affirmed.

It appears that there are two lines of authorities and that several states have held that the designation of and the payment to a beneficiary equitably entitled to the proceeds of the policies by the company under the facility of payment clause is final so far as the company is concerned and the company is not liable to other beneficiaries designated by statute where no one is named as beneficiary in the policy, but the designated beneficiary holds said funds in trust for the real beneficiary under the statute. 31 C. J., 969-970, secs. 7-8; 972, sec. 10; 2 Couch on Insurance, 843, sec. 311a. The states of New Jersey, New York, Georgia and Louisiana seem to hold these propositions, but the states of Pennsylvania, Rhode Island and Tennessee follow the other line of decisions and hold to the contrary.

In Tennessee, after the insurance company has designated and paid the beneficiary under the facility of payment clause its liability ceases. Metropolitan Life Ins. Co. v. Chappell, 151 Tenn., 299, 269 S. W., 21.

Where a mother has paid the premiums on her son's insurance policy and has paid his funeral expenses and has been designated as the beneficiary by the company under the facility of payment clause in the policy she is entitled to the proceeds to the exclusion of his wife and child. See Parmer v. Insurance Co., 11 Tenn. App., 584; Hullett v. Hullett, 162 Tenn., 431, 36 S. W. (2d), 896; Althouse v. Roth, 35 Pa. Super. Ct., 400; Brown, Admr., v. Dunn, 45 R. I., 63, 119 A., 758.

It has been held in several cases in Tennessee that a husband and father who has obtained a policy of insurance naming his wife or mother as beneficiary, may change the beneficiary and designate a creditor to the exclusion of his wife and children. Lunsford v. Nashville Savings & Loan Corp., 162 Tenn., 179, 35 S. W. (2d),

395. It was held in this latter case that the statutes exempting insurance to the wife and children were mere statutes of exemption and that the legislature did not undertake to clothe dependents with vested interests in the policy or its proceeds.

If a husband and father has a right to change the beneficiaries and to exclude his wife and children after he has had them designated as beneficiaries, he certainly has a right to enter into a contract with the insurance company and agree that the company may designate a beneficiary equitably entitled thereto under a facility of payment clause.

Tennessee is committed to this doctrine and this case is governed by a holding in the case of Parmer v. Ins. Co., supra.

It results that all of the assignments of errors must be overruled and the decree of the Chancellor dismissing the bill and amended bill must be affirmed.

The cost of the cause including the cost of the appeal is decreed against the appellants and the sureties on their appeal bond.

Faw, P. J., and DeWitt, J., concur.