Robert Cotton *et al.*, Complainants, Appellants, *v.* Cora Cotton, Defendant, Appellee.

(*Knoxville,* September.Term, 1932.)

Opinion filed June 26, 1933.

A. Y. Burrows, for complainants, appellants.

H. T. Poore, for defendant, appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

Complainants are the brothers and sister of James Cotton, deceased, claiming that as next of kin they are entitled to the proceeds of a benefit certificate and a life insurance policy, held by their deceased brother, as against his widow, the defendant, Cora Cotton.

James Cotton, the insured, died in 1931, childless and intestate. His surviving widow was entitled to his personal estate, under the statute of distribution. Code, sec. 8389; Shannon's Code, sec. 4172.

The benefit certificate, issued by the Grand Lodge, Brotherhood of Railroad Trainmen, was payable to the mother of James Cotton, Amanda Cotton, "if living; if not, to the executor or administrator of said member's estate, in trust, however, for, and so to be forthwith paid over to his heirs at law."

Amanda Cotton, the named beneficiary, predeceased her son, and the proceeds of the certificate were paid by the Grand Lodge to the widow, as the administrator of her husband's estate.

The words "heirs at law," when used with reference to personalty, are flexible in their import, and unless otherwise controlled by their context, "mean the legal representatives or next of kin," and are not given the technical meaning they possess when used with reference to the devolution of title to real estate. *Paine* v. *Gupton*, 30 Tenn. (11 Humph.), 402; *Alexander* v. *Wallace*, 76

Tenn. (8 Lea), 569; *Gosling* v. *Caldwell*, 69 Tenn. (1 Lea), 454; *Ward* v. *Saunders*, 35 Tenn. (1 Swan), 386; *Spofford* v. *Rose*, 145 Tenn. 583, 593-594, 237 S. W., 68.

We quote from 14 Ruling Case Law, 1373-1374 (Insurance, sec. 541): "While the position has been taken that the word 'heirs' in a policy mean those who would succeed to the realty of the insured, the prevailing view is that where the word is not explained by the context it means those who would, under the statutes of distribution, be entitled to the personal estate of the insured."

This statement of the prevailing view is well sustained by the cases cited in the note to the text, and by one of the two cases cited for the minority rule, *Alexander* v. *Northwestern Masonic Aid Ass'n*, 126 Ill., 558, 18 N. E., 556, 2 L. R. A., 161. See also 37 C. J., 566-567 (Life Insurance, sec. 324), where the rule, supported by additional citations, is stated to be: " . . . but if by statute the surviving wife is entitled to share as distributee or next of kin in the husband's personalty, she is within the term 'heirs' or 'legal heirs' in a life insurance policy."

We have no hesitancy in ruling that the provision of the benefit certificate that its proceeds, payable to the administrator of the member, should inure to the benefit of his heirs at law, was intended as a direction that such proceeds should go to those persons entitled by law to succeed to the member's personal estate; in this case, the widow. The Chancellor was of that opinion, and his decree was affirmed by the Court of Appeals, although on other grounds.

The contract of life insurance in suit, issued by the Metropolitan Life Insurance Company, contained a "schedule" which named the insured's mother, Amanda

Cotton, as beneficiary. The contract was an endowment, payable to the insured upon maturity. Its only provision for payment upon the death of the insured was the so-called "facility of payment clause," reading as follows:

"In case of such prior death of the insured, the company may pay the amount due under this policy to either of the beneficiaries named in the said schedule or to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

The proceeds of this contract, $255, were paid to the widow. Complainants claim that they are entitled to recover that amount from the widow, as next of kin of the named beneficiary, their deceased mother.

■ Under the quoted clause of the insurance contract, neither the named beneficiary, if living, nor the widow had an exclusive right to demand payment of its proceeds, as against the other. And particularly since the payment was made by the insurer to the person entitled by law to receive it, if no beneficiary had been named (Code, sec. 8456), we think she, the widow, is entitled to retain it, as against the claim of the deceased beneficiary's next of kin. See *Hullett* v. *Hullett,* 162 Tenn., 431, 36 S. W. (2d), 896. The Court of Appeals so ruled.

Complainant's petition for the writ of *certiorari* to the Court of Appeals is denied, for the reasons herein stated.