FRANK *et al. v.* FRANK *et al.*

(*Nashville,* December Term, 1942.)

Opinion filed July 3, 1943.

W. P. Cooper, of Nashville, for appellant.

Seay, Stockell & Edwards, of Nashville, for appellees.

Mr. Justice Neil delivered the opinion of the Court.

This suit involves the construction of Item 5 of the Will of Joseph Frank, Sr., deceased. After giving direction to the trustee as to making certain investments, the will provides:

". . . to my beloved wife, Fannie Frank, during her lifetime, and upon her death I direct that said rest, residue and remainder of my estate be divided into two equal shares, one share of which I give, devise, and bequeath to my son Lou Frank, or in the event of his prior death, to his next of kin, and the other share of which

I give to my son Arthur Frank, or in the event of his prior death, to his next of kin.''

According to the stipulation of counsel, Lou Frank predeceased his mother, Mrs. Fannie Frank, and was survived by three children. Lou Frank was married twice. He had two children of the first marriage and one child by his second wife, Carrie Tyler. This child, Lou Frank, Jr., is a minor and is represented by his guardian.

The executors of the will of Joseph Frank, Sr., filed a bill in the Chancery Court seeking a construction of the will. Carrie Tyler Frank answered the bill and in said answer averred that as the widow of Lou Frank she is a beneficiary under said will, being included within the meaning of ''next of kin'' as a matter of law. She expressly transfers her interest in the estate to her minor son Lou Frank, Jr.

If her contention is correct, her son would receive one-half of his father's estate, and the two children by a former marriage one-half. The Chancellor held that Mrs. Carrie Tyler Frank was not included in the class ''next of kin'', and hence was not a beneficiary under the will of Joseph Frank, Sr.; that the one-half interest under said will bequeathed to Lou Frank should be divided into three parts instead of four, a share each to the three children of Lou Frank, one of whom was the only child of Carrie Tyler Frank.

The guardian of Lou Frank, Jr., has appealed and assigned two errors, as follows: (1) The Chancellor erred in holding and decreeing that Mrs. Carrie Tyler Frank, widow of Lou Frank, deceased, was not included in the meaning of the phrase ''Next of Kin'', and in dividing the said remainder estate into three parts among the three children of the deceased, rather than to divide it

into four parts and give effect to the assignment of the said Mrs. Carrie Tyler Frank of her share to her son, Lou Frank, Jr. (2) The Chancellor erred in not decreeing that this minor Lou Frank, Jr., was the owner of one-half of the remainder estate created by the said Item 5 of the said will.

It can be readily seen that they involve a single question of law. Before proceeding to a consideration of the question, there is an important fact before us which should not be overlooked. At the time this will was executed by Joseph Frank, Sr., Lou Frank was living and had two children, a son, Joseph Frank, Jr., and a daughter, Louise F. Russlander. He did not marry Mrs. Carrie Tyler Frank until sometime after the death of the testator. We are at once confronted with the question of intention, i. e., could the testator have had in mind Mrs. Carrie Tyler Frank as the object of his bounty when he devised and bequeathed his estate "to my son Lou Frank, or in the event of his prior death to his next of kin"? Lou Frank was given a remainder interest in one-half of his father Joseph Frank, Sr.'s estate, his mother being given the income from said estate during her lifetime. Had he not predeceased his mother, and died intestate, it cannot be doubted that Carrie Tyler Frank, his widow, would have been entitled to a distributive share, or a child's part, in his personal estate. But that is not the case. She is claiming under the will and that the statute of distribution fixed her right as one of her husband's "next of kin".

We think there is a distinction made by text writers and the courts as to rules of law governing who are beneficiaries under life insurance policies and like contracts when they are mentioned as "next of kin",

"heirs", etc., and the same class of beneficiaries mentioned in a will. In the former, intention is not altogether determinative of rights, as in *Cotton* v. *Cotton*, 166 Tenn., 420, 61 S. W. (2d), 655, 88 A. L. R., 622. Whereas, in the latter it, is all important. The distinction also is present under survival statutes, as to whether or not a person is an "heir" or "next of kin", within the meaning of the statute and is entitled to sue for the wrongful death of another. We readily concede that there are some cases holding that persons who are not next of kin may by force of statute be a beneficiary under a bequest or devise to "next of kin" as a class. A contrary rule, however, prevails in New York and other jurisdictions. See *In re Devoe,* 171 N. Y., 281, 63 N. E., 1102, 57 L. R. A., 536. We are referred to 46 C. J., p. 473, for a discussion of the meaning of "next of kin":

"The term is used in the law with two meanings: First, the nearest blood relations according to the law of consanguinity. Second, those entitled to take under the statutory distribution of intestate estates. In ascertaining in which sense it is used the intention, adequately expressed, will determine. And according to such intention the term may include those who fall within the designation in the general speech and understanding of men, rather than in its primary and original sense. The courts will give to the term its legal signification, unless it is apparent that it was used in some other sense."

While the term is used in the law with two meanings, as stated in the next, the courts have never departed from the rule of construction that the intention of the testator is always controlling. In the case of *Cotton* v. *Cotton, supra* [166 Tenn., 420, 61 S. W. (2d), 656, 88 A. L. R., 622], urged upon us by appellant, the right of the

widow under an insurance policy was involved. The Court cited with approval 37 C. J., 566, 567, Life Insurance, sec. 234, the following:

". . . but if by statute the surviving wife is entitled to share as *distributeé* or next of kin in the husband's personalty, she is within the term 'heirs' or 'legal heirs' *in a life insurance policy.*" (Italics ours.)

In that case the widow was the sole distributee and the Court held she was entitled to the proceeds of the policy as against the insured's brothers and sisters. The case did not involve the construction of a will.

When we turn to the Law of Wills for a discussion of who is "Next of Kin", Sizer's Pritchard, Law of Wills, Section 438, says:

"Where there is nothing in the context to show a different intent, the words 'next of kin' must be given their ordinary meaning of relatives in blood. They will not ordinarily include the widow of the testator. And the husband is not 'next of kin' to the wife within the ordinary meaning of a will."

In addition to the many cases cited by the author, we find additional authority in 69 C. J., sec. 1232, wherein it is said:

"Kin; Kindred. *As used in a will* in designating beneficiaries, the words 'kin' and 'kindred' mean those related by blood. Hence, neither 'kin' nor 'kindred' include a husband or wife, *unless accompanied by other words clearly manifesting a purpose to extend their signification.*" (Italics ours.)

In *In Re Stoler*, 59 A. L. R., 1407, the annotator says:

"It has been uniformly held in all jurisdictions passing on the question, that a husband or wife is not the next of kin of a testator or testatrix, within the provision

of a will leaving property to the 'next of kin'." Citing many cases.

Considering our own decisions relating to next of kin and who are included when such expression is used in a will, as well as in the statute, we find that the term has not acquired any meaning other than that of nearest in blood relationship. In *Helms, Adm'r,* v. *Elliott,* 89 Tenn., 446, 14 S. W., 930, 931, 10 L. R. A., 535, it is said, "that the phrase 'next of kin' in the statute of distribution is there used in its strict legal sense, and means 'next in blood', is manifest from the context." In *Taylor* v. *Taylor,* 162 Tenn., 482-486, 40 S. W. (2d), 393, 394, Mr. Justice CHAMBLISS, speaking for the Court, said:

"The strict legal meaning of the phrase, 'next of kin' is next or nearest in blood. In ascertaining who the next of kin is, the law follows the line of consanguinity. Such is the general rule of the common law. It is the same in this state under our general statute of distribution. It is so in every case, unless there be an express statutory exception."

The foregoing decision is reaffirmed in *Draper et al.* v. *Draper et al.,* 174 Tenn., 394, 396, 126 S. W. (2d), 307.

█ Considering our uniform interpretation that "next of kin" means those who are nearest in blood relationship, then Mrs. Carrie Tyler Frank could assert no right or interest under Item 5 of the will of Joseph Frank, Sr., unless it should clearly appear that the testator intended to include her as a member of a class. There can be no doubt the testator was not in a position to even consider her as the object of his bounty because she did not become the wife of Lou Frank until after the testator's death.

After due consideration of the case, we think the Chancellor reached the correct conclusion and his decree is affirmed.