## BUTLER v. FOWLER.—188 S. W. (2d) 612.

Middle Section.   November 4, 1944.

Petition for Certiorari denied by Supreme Court, February 2, 1945.

Moore & Ewing of Nashville, for Metropolitan Life Ins. Co.

Wm. M. Greene, of Nashville, for Mrs. Dufsy Fowler.

W. C. Davidson, of Nashville, for Mrs. Mattie Lou Butler.

HOWELL, J. The original bill in this cause was filed by Mrs. Mattie Lou Butler against Mrs. Dufsy Fowler

and sought to get possession of two insurance policies on the life of Ollie Franklin Butler issued by the Metropolitan Life Insurance Company, one in the amount of $300 and the other $200. The complainant widow was named as beneficiary in one policy and the estate of the insured in the other. The bill alleged that the defendant was the sister of the insured, had possession of these policies and refused to surrender them to the widow.

The defendant Mrs. Dufsy Fowler filed an answer and cross-bill in which the Metropolitan Life Insurance Company was made a defendant and in which she alleged that she was entitled to the proceeds of these policies as the insured and his wife, the original complainant, had been separated and she had sued him for a divorce, and that the insured had lived with her for some months and that she had paid premiums upon these policies and had become liable for the burial expenses of the insured. The cross-bill further alleged that the insured had attempted to change these policies and make her the beneficiary thereof and prayed that the sister be held entitled to the proceeds of the policies to reimburse her for the funeral expenses and for her care and attention to the insured during his last illness.

The Metropolitan Life Insurance Company filed its answer to the cross-bill and a petition in the nature of a Bill of Interpleader in which it admitted the existence of the policies, alleged that no written request was ever filed with it asking for a change of the beneficiaries and acknowledged liability on the policies and prayed that it be permitted to pay the amounts due thereon into Court and be discharged and that it be allowed reasonable fees for its Solicitors to be paid out of the funds paid into Court by it.

The cause was put at issue and was set for hearing on oral testimony by the Chancellor.

Upon the hearing the Chancellor found that the complainant Mrs. Mattie Lou Butler was entitled to the proceeds of one of the policies, the one in which she was named as beneficiary, and that the defendant Mrs. Dufsy Fowler was entitled to the proceeds of the other policy. The Chancellor held further that the Insurance Company had properly filed an interpleader as to the policy payable to the widow but not as to the policy payable to the estate of the insured. The Chancellor allowed the solicitors for the Insurance Company a fee of $25 to be paid out of the proceeds of the policy going to the widow. The Court further ordered all the costs to be paid out of the funds going to the widow except one-half of the costs of filing the interpleader which was assessed against the Insurance Company.

The complainant Mrs. Mattie Lou Butler has perfected an appeal to this Court and has assigned as error the action of the Chancellor in denying her a recovery upon the policy payable to the insured's estate and in allowing a fee to the solicitors for the Insurance Company and in assessing her with any part of the costs.

The Metropolitan Life Insurance Company has also assigned as error the action of the Chancellor in holding that the interpleader petition was not properly filed as to the policy payable to the estate of the insured, in not allowing a fee out of the proceeds of this policy and in assessing any part of the costs against the Company.

The facts are that the insured had separated from his wife and had lived for several months with his sister, the defendant Mrs. Dufsy Fowler, and been cared for by her during his illness. The insured had two policies upon

his life in the defendant Insurance Company, one of which was payable to his wife and the other to his estate. The insured also has a policy on his life in the National Life and Accident Insurance Company in the amount of $410 which was paid to the widow. The burial expenses of the insured, amounting to $400 due the undertaker, have not been paid and the defendant Mrs. Dufsy Fowler made the arrangements for the funeral and expected the expenses to be paid out of the insurance. The defendant Mrs. Fowler had paid the premiums upon all three of the policies for some months. The undertakers Bracey-Welch Company filed a petition in the case seeking to collect their funeral bill. The complainant Mrs. Mattie Lou Butler widow of the insured testified that she was unwilling for the funeral bill to be paid out of the proceeds of the insurance. The deceased left nothing except the insurance.

Each of the policies involved in this cause had the usual facility of payment clause.

After the death of the insured both parties, the widow and the sister, made claims upon the Insurance Company for the proceeds of both policies.

The policy in which the complainant was named as beneficiary was for the face amount of $370 and the other policy which was payable to the estate of the insured was in the amount of $231.

There was some evidence of an intent to change the beneficiary named in the first above-mentioned policy but no steps were taken which served to accomplish this purpose.

It is insisted for the complainant that under Section 8456 of the Code of Tennessee, the proceeds of these policies should be paid to her for the benefit of herself and children. This statute is as follows:

"Insurance on husband's life, effected by himself, goes to wife and children.—Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband."

■ It is well settled that the purpose of this statute was to exempt the proceeds of insurance policies upon the life of a husband from the claims of creditors and preserve same for the widow and children and that such statutes do not clothe the widow and children with any vested interest in the proceeds of the policies. See Bailey v. Metropolitan Life Insurance Company, 14 Tenn. App. 11.

■■ We are of the opinion that the Chancellor correctly held that the proceeds of this policy for $370 should be paid to the named beneficiary, the complainant Mrs. Mattie Lou Butler, and that the proceeds of the policy payable to the estate of the insured under the facts of this case should be paid to the sister the defendant, Mrs. Dufsy Fowler. The decree of the Chancellor in this respect is affirmed and the assignments of error filed by the complainant Mrs. Mattie Lou Butler are overruled.

■ It is insisted for the Insurance Company that the Chancellor erred in holding that it was not proper for the bill of interpleader to have included the policy payable to the insured's estate and in assessing it with one-half of the costs of filing the interpleader and not allowing any fee for filing the interpleader in so far as it applied to this policy.

Under the facts of the case we are of the opinion that the bill of interpleader was properly filed as to both

policies in question. Both parties were claiming the pro-ceeds of both policies and the Company should not be required to assume the risk of paying the proceeds of either of these policies to either party. It correctly asked to be allowed to pay the money into Court and be discharged and to be allowed a reasonable fee for its solicitors. We think these assignments of error by the Insurance Company should be sustained. The facility of payment clause in these policies was as follows:

"If the Beneficiary does not surrender this Policy with due proof of death within 30 days after the death of the Insured, or if the Beneficiary is the estate of the Insured, or is not legally qualified to give a valid release, or dies before the Insured, the death benefit will, upon surrender of this Policy with due proof of death, be paid to the executor or administrator of the Insured, but in any such case the Company may, in lieu of payment to the executor or administrator, pay the death benefit to any person named as Beneficiary, or to any relative by blood or connection by marriage of the Insured appearing to the Company to be equitably entitled to such payment."

In this case the suit originated by a bill filed by the widow against the sister of the insured claiming that she was entitled to proceeds of both policies and asking for possession of the policies. The Insurance Company was first brought into Court by the cross-bill by the sister and in which she prayed that the proceeds of both policies be paid to her. The bill of interpleader was then filed. The matter being in the Chancery Court we do not think the Insurance Company should have assumed the risk and responsibility of deciding who was equitably entitled to receive the proceeds of either policy. It is true, as decided in Parmer v. Insurance Company in 11

Tenn. App. 584, that if the company had properly paid the proceeds of this second policy to the sister under the facility of payment clause, the widow and children of the deceased could not have required it to pay again to them.

The essential elements of a bill of interpleader as stated in Gibson's Suits in Chancery in Chapter LXII beginning on page 922 and approved in many decisions of our Courts appear here in the answer and cross-bill filed by the Insurance Company and are supported by the proof and we are of the opinion that the decree of the Chancellor should be modified so as to hold that this interpleader was properly filed as to both policies, and no part of the costs of the interpleader should be assessed against the Insurance Company. The Insurance Company will be allowed a fee for its Solicitors of $25 in addition to the amount allowed by the Chancellor which will be added to the costs of the cause. The costs of the lower Court will be paid as adjudged by the Chancellor except as modified by this opinion as to the costs of the interpleader and the costs of the appeal will be assessed against the appellant Mattie Lou Butler.

The cause will be remanded to the Chancery Court of Davidson County for the distribution of the funds paid into that Court.

Modified and remanded.

Felts and Hickerson, JJ., concur.