In re the ESTATE OF NEWMAN HASSELL THOMPSON, Deceased.

(*Jackson*, April Term, 1958.)

Opinion filed May 2, 1958.

486

W. H. LASSITER, Huntingdon, for plaintiff in error.

HUGH McLEAN, Paris, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case originated in the County Court of Carroll County with the filing of a petition by Curtis Shearon, a resident of Henry County, as administrator of the estates of Filson Bryant Carrington, Sr. and Mrs. Louise Bryant Carrington, seeking the appointment of J. W. Barnes as administrator of the estate of Newman Hassell Thompson, deceased, for the purpose of bringing tort actions in the Circuit Court of Henry County, against such administrator. The application was sustained and Barnes was appointed by the County Judge of Carroll County. Later the widow and four children of the deceased, Thompson, filed their petition for writs of *certiorari* and *supersedeas* in the Circuit Court of Carroll County. Curtis Shearon, as administrator, demurred to this petition which was sustained by the Court upon the ground that the Circuit Court did not have jurisdiction. This appeal resulted.

It appears that on October 24, 1955, the Carrington car collided with a car driven by the deceased, Thompson, and it is claimed as a direct and proximate result of the collision Mr. and Mrs. Carrington were wrongfully killed.

It is further contended by the administrator, Curtis Shearon, that he was under a duty and desirous of filing suit for damages against the estate of the deceased, Thompson, but no one had qualified despite repeated requests to do so.

It is further claimed that unless an administrator was appointed for the estate of Thompson that the petitioner would lose valuable and important legal rights as a claimant for the estate.

The widow and children of the deceased, Thompson, claimed that the County Judge of Carroll County, acted

illegally in the appointment of Barnes as the administrator of the Thompson estate, since the application was not made for such an appointment by the widow, next of kin, or creditor of the estate of Thompson.

We have in Tennessee certain statutes which are material to this controversy:

"(T.C.A.) sec. 20-603. Causes surviving death of tort-feasor.—In all cases where a person shall commit tortious or wrongful act causing injury or death to another, or property damage, and such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the personal representative of such tort-feasor or wrongdoer, and the common law rule abating such actions upon the death of the wrongdoer and before suit is commenced is abrogated; provided, however, this section shall not apply to actions for wrongs affecting the character of the plaintiff."

and:

"(T.C.A.) sec. 30-109. Preference in granting of letters.—When any person shall die intestate in this state, administration shall be granted to the widow of such person, if she make application for the same. For want of such application upon the part of the widow, the administration shall be granted to the next of kin, if such next of kin apply therefor. If neither the widow nor next of kin make application for administration, then the same shall be granted to the largest creditor proving his debt on oath before the county court, or

county judge; provided, that when there are more than one next of kin, the county court may decide which of them shall be entitled to administration."

and:

"(T.C.A.) sec. 30-110. Appeal from grant of letters to circuit court.—If any person who claims a right to execute a will, or to administer on the estate of an intestate, think himself injured by an order of the court awarding letters testamentary or of administration, he may appeal to the circuit court of the county in which the order is made, on giving bond as in other cases of appeal."

and:

"(T.C.A.) sec. 27-401. Appeal to circuit court.— Any party dissatisfied with the sentence, judgment, or decree of the county court, may pray an appeal to the circuit court of the county, unless it is otherwise expressly provided."

It is the contention of the Thompson estate that the County Court of Carroll County was wholly without jurisdiction because the applicants for administration having only a tort claim could not be deemed a creditor of the estate until he obtained a judgment. *Langford v. Fly,* 26 Tenn. 585, 586.

■ Only persons who have demands originating from contracts or agreements are considered creditors relative to the administration of estates. *Williams v. Conrad,* 30 Tenn. 412, 418.

■ The right of action which the law gives for a tort action cannot be regarded as a contract or even a right arising in a contract. *Parker v. Savage,* 74 Tenn. 406.

Section 2, Chapter 175 of the Acts of 1939 does not make a person having a right of action in tort a creditor, nor is jurisdiction conferred by said Act on the County Judge to try, adjudge and render judgment in a negligence case. *Collins v. Ruffner,* 185 Tenn. 290, 296, 206 S.W. 2d 298.

■ An examination of T.C.A. sec. 30-109 reveals that letters shall be granted to the widow, then the next of kin, then to the largest creditor proving his claim on oath before the county court or county judge.

It is contended that there is no other statute which provides for the appointment of an administrator of a deceased person for the sole purpose of bringing a tort action against such an estate.

However, this does not mean that the County Court does not still have original, general, and exclusive probate jurisdiction to appoint administrators. We think that said Section T.C.A. sec. 30-109 was intended by the Legislature as a priority statute and when the preferences have been exhausted, there is still original, general and exclusive jurisdiction in the county court to appoint administrators when necessary and proper to meet the ends of justice. And when the parties entitled to priority under this statute have refused, or declined to act, then an aggrieved party may in such cases apply to the county court for appointment of an administrator.

For the extent of the jurisdiction of the quarterly court in the appointment of administrators see Phillips' Pritchard on Wills and Estates, Vol. 2, Sec. 525.

A rather recent decision in *Collins v. Ruffner, supra,* is not determinative of the question in the present case.

We hold here that the county court being a court of original, general, and exclusive jurisdiction (except in a very limited class of cases) had full authority and power to appoint the administrator in this case.

There are certain expressions in *Franklin v. Franklin,* 91 Tenn. 119, 18 S.W. 61, which seem to strengthen our view of this case.

■ Personal fitness of applicants for administration should be considered by the court and may be of sufficient importance to justify a court in disregarding the statutory order of preference and appointing a suitable party. *Williams v. Stewart,* 166 Tenn. 615, 64 S.W. 2d 194; *Commerce Union Bank v. Fox,* 28 Tenn.App. 587, 192 S.W. 2d 233.

■ In providing for the granting of letters of administration the Legislature meant to prefer those who are closer to the deceased by blood ties and right of property, so that members of the family who inherit the estate are preferred over creditors and strangers. *Tudor v. Southern Trust Co.,* 193 Tenn. 331, 246 S.W. 2d 33.

■ So in the present case when the widow and next · of kin declined to qualify and no creditor sought letters of administration, we think the county court was well within its authority in selecting an administrator of his own choosing.

It results that the judgment of the court below will be affirmed.