IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 26, 2012 Session

IN RE THE DECEDANT ESTATE OF EDWARD LAVOY GLASSCOCK

Appeal from the Probate Court for Bedford County
No. 28676    J. B. Cox, Chancellor

No. M2011-01725-COA-R3-CV - Filed June 11, 2012

This appeal arises from the denial of a petition filed by the niece of a decedent's surviving spouse to have the decedent's estate administered and to have a personal representative appointed. The probate court dismissed the niece's petition for lack of standing holding that she could not proceed as next friend of her aunt because her aunt had previously appointed the decedent's brother as her attorney-in-fact. The niece contends on appeal that she has standing to pursue the administration of the decedent's estate in accordance Tenn. R. Civ. Proc. 17.03 because the attorney-in-fact for her aunt failed to initiate administration of the decedent's estate. We affirm the dismissal of the petition.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

John Ralph Bumpus, Shelbyville, Tennessee, for the Appellant, Lynn Orr Chevalier.

Andrew Clark Rambo, Shelbyville, Tennessee, for the Appellee, Clarence Bernard Glasscock.

OPINION

I. Factual and Procedural History

Edward Lavoy Glasscock ("Decedent") passed away on July 21, 2008, survived by his spouse, Lillian Katherine Orr Glasscock ("Mrs. Glasscock"). The Decedent executed a Last Will and Testament on June 9, 2000 in which he named Mrs. Glasscock the "Personal Representative" of the estate and left all of his property to her. On January 2, 2008, Mrs. Glasscock executed a "General and Durable Power of Attorney" appointing Clarence

Burnard Glasscock ("Clarence"), Decedent's brother, as her "Attorney In Fact." Mrs. Glasscock currently suffers from senile dementia and resides in a residential nursing facility.

On March 3, 2011, Lynn Orr Chevalier, Mrs. Glasscock's niece, filed a Petition for Administration of Decedent Estate as next friend of Mrs. Glasscock. Mrs. Chevalier requested the court to appoint her as personal representative of Decedent's estate.[1] On March 25, 2011, Clarence filed an Answer, asserting that Ms. Chevalier did not have standing to sue as next friend of Mrs. Glasscock; he also filed a counter-petition, seeking recovery of items taken from the Glasscock home.

On April 6, 2011, Clarence filed a Motion for Judgment on the Pleadings pursuant to Tenn. R. Civ. P. 12.03. He stated that he made the "conscious decision . . . not to probate the will" because, in this case, the probate process was "an unnecessary process and expense to be borne by the surviving spouse." He further asserted that Ms. Chevalier is "without standing to request appointment as administrator of the estate of [Decedent], as she is neither next of kin to the decedent nor creditor of the decedent." The court held a hearing on the motion on April 15.

On May 13, 2011 Ms. Chevalier filed a motion to amend her petition, alleging that the General and Durable Power of Attorney executed in January 2008 is "defective and invalid" because Mrs. Glasscock was "not competent" to execute the document. Also on May 13, the trial court dismissed the case, holding that Ms. Chevalier lacked standing to sue as next friend "in the face of the power of attorney."

On June 1, 2011, the court heard argument on Ms. Chevalier's motion to amend the petition. The court entered a Memorandum and Order on July 12 incorporating the May 13, 2011 Memorandum Opinion and denying Ms. Chevalier's motion to amend. The court stated:

> Now, after seeing the potential for having her petition dismissed, the Petitioner desires to amend by adding an allegation that the power of attorney is invalid. If these allegations pertained to [Decedent's] power of attorney, these allegations would make sense. *A personal representative would have standing against a power of attorney for a decedent*, for actions taken by the power of attorney during the decedents [sic] lifetime, to recover for the estate losses due to the fiduciary's breach of his fiduciary duty. (Emphasis added)

---

[1] Attached to Ms. Chevalier's Petition was a photocopy of the "General and Durable Power of Attorney" appointing Clarence as attorney-in-fact for Mrs. Glasscock, a photocopy of Decedent's Last Will and Testament, and a photocopy of a warranty deed executed by Mrs. Glasscock's attorney-in-fact.

Here, counsel for the Petitioner attempts to breathe life into a probate case already dismissed by the Court. His [sic] allegations are perhaps correctly pled in an action for conservatorship of her Aunt. The Court has already urged this from the bench.

On July 19, Clarence voluntarily dismissed the counter-petition. Ms. Chevalier appeals the dismissal of her petition as well as the trial court's denial of her motion to amend.

## II. Analysis

The first issue we address is whether the trial court erred in granting Clarence's motion for judgment on the pleadings; specifically whether, under the facts alleged in the Petition, Ms. Chevalier has authority to proceed as next friend of Mrs. Glasscock. The standard of review for a trial court's grant of judgment on the pleadings under Tenn. R. Civ. P. 12.03 is as follows:

> [W]e construe the complaint in favor of the plaintiff "by taking all factual allegations in the complaint as true and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 352 n. 1 (Tenn. 2008) (citing *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007); *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn.2004)). Conclusions of law are not admitted and judgment on the pleadings should not be granted "unless the moving party is clearly entitled to judgment." *Cherokee Country Club, Inc.*, 152 S.W.3d at 470 (Tenn. 2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991)). This determination is a question of law, and we review the trial court's conclusions of law de novo with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002) (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)).

*Watry v. Allstate Prop. & Cas. Ins. Co.*, M2011-00243-COA-R3CV, 2011 WL 6916802, at *2 (Tenn. Ct. App. Dec. 28, 2011) (citations omitted).[2]

---

[2] The trial court ruled on Clarence's motion as one for failure to state a claim upon which relief can be granted pursuant to Tenn. R. Civ. P. 12.02(6). The court's framing of the issue is of little consequence, because a Tenn. R. Civ. P. 12.03 motion for judgment on the pleadings is "'in effect a motion to dismiss for failure to state a claim upon which relief can be granted.'" *King v. Betts*, 354 S.W.3d 691, 709 (Tenn. 2011)

(continued...)

The trial court granted the motion for judgment on the pleadings, holding that the power of attorney Mrs. Glasscock granted to Clarence, made Clarence an "other like fiduciary" within the meaning of Tenn. R. Civ. P. 17.03, and thus, Ms. Chevalier lacked standing to bring the Petition on behalf of Mrs. Glasscock. On appeal, Ms. Chevalier contends that Clarence is obligated to probate the Decedent's will, and that, in light of his failure to initiate the administration of the estate, she has standing to bring a Petition compelling the probate of Decedent's will as next friend of Mrs. Glasscock pursuant to Tenn. R. Civ. P. 17.03. Ms. Chevalier also relies on *In re Thompson's Estate*, 314 S.W.2d 6 (Tenn. 1958) to support her contention that an administrator should be appointed.

"The primary focus of a standing inquiry is on the party, not the merits of the claim." *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 56 (Tenn. Ct. App. 2004). An inquiry into whether a party has standing requires a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 752 (1984)). In the Petition, Ms. Chevalier alleged that she "fil[ed] the petition for administration of the decedent estate of the said deceased husband of her Aunt in her behalf as her next friend pursuant to Rule 17.03 Tennessee Rules of Civil Procedure." She further alleged:

> 9. In light of the foregoing facts concerning (i) the mental state of Lillian Katherien Orr Glasscock who is legally entitled to administer her deceased husband's decedent estate but who is mentally and physically unable to do so or to execute a written waiver of her right to so administer; and (ii) the refusal of Clarence Burnard Glasscock for more than two and one-half (2 ½) years to undertake such responsibility of administration including various reporting responsibilities to the State of Tennessee . . . ; and (iii) the hostility that apparently exists between him and the petitioner, Lynn Orr Chevalier; and (iv) in light of the kinship existing between Ms. Glasscock and Ms. Chevalier, the Petitioner requests that she be appointed as Personal Representative of Edward Lavoy Glasscock Decedent Estate.

Ms. Chevalier requested the court to appoint a "Personal Representative (i.e., fiduciary) of the Edward Lavoy Glasscock Decedent Estate."

---

[2](...continued)
(quoting *Timmins v. Lindsey*, 310 S.W.3d 834, 838 (Tenn. Ct. App. 2009); citing *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998) (citing 3 Nancy F. MacLean & Bradley A. MacLean, *Tennessee Practice* 190 (2d ed.1989))).

The pivotal issue then is whether, under the facts alleged in her Petition, Ms. Chevalier has authority to proceed as next friend of Mrs. Glasscock. Tenn. R. Civ. P. 17.03 states:

> Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, *or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person.* If an infant or incompetent person does not have a duly appointed representative, or if justice requires, he or she may sue by next friend. The Court shall at any time after the filing of the complaint appoint a guardian ad litem to defend an action for an infant or incompetent person who does not have a duly appointed representative, or whenever justice requires. The court may in its discretion allow the guardian ad litem a reasonable fee for services, to be taxed as costs.

Tenn. R. Civ. P. 17.03 (emphasis added). The power of attorney Ms. Glasscock executed in favor of Clarence stated, in relevant part:

> I, LILLIAN KATHERINE GLASSCOCK, hereby constitute and appoint CLARENCE BURNARD GLASSCOCK, as my true and lawful Attorney In Fact, for me and in my name and place to do and perform all of he [sic] things herein stated . . . It is expressly provided that this power of attorney shall not be affected by subsequent disability or incapacity if such should occur. The powers hereby conferred are as follows:
> . . .
> 6. To commence and prosecute in my behalf any suits whatever in law or equity my Attorney In Fact may deem necessary including but not limited to actions for the recovery of possession of real and personal property I may be or become entitled to the possession of, and to make any bonds and comply with any rules or laws in connection with the prosecution of any such actions; and to satisfy, settle and compromise any claims in such actions.

"The execution and exercise of a power of attorney establishes a fiduciary relationship between the attorney-in-fact and the grantor of the power." *Ralston v. Hobbs*, 306 S.W.3d 213, 221 (Tenn. Ct. App. 2009). Such a relationship constitutes the "other like fiduciary" contemplated by Tenn. R. Civ. P. 17.03; therefore Ms. Chevalier is not entitled to act as next friend of Mrs. Glasscock.

The case relied upon by Ms. Chevalier, *In re Thompson's Estate*, is not applicable to the case at bar. In *In re Thompson's Estate*, our Supreme Court reviewed the trial court's appointment of an administrator for the estate of a person who was killed in an automobile

accident. The appointment was sought by the administrator of the estates of two persons also killed in the accident for the sole purpose of bringing a tort action against the decedent's estate, in light of the failure of the widow or children of the decedent to initiate administration of the estate. The court construed and applied Tenn. Code. Ann. § 30-109, currently Tenn. Code. Ann. § 30-1-106, and, in upholding the trial court's appointment of an administrator, acknowledged that "when the parties entitled to priority under this statute have refused, or declined to act, then an aggrieved party may in such cases apply to the county court for appointment of an administrator." *In re Thompson's Estate*, 314 S.W.2d at 8. In the instant case, Ms. Chevalier is not seeking to bring a tort action or any other claim against the Decedent's estate; rather, she seeks only to probate the will of the decedent.[3] This is a decision to be made by the surviving spouse and the trial court correctly held that Clarence was the proper person to act in the place of Ms. Glasscock and that, as a consequence, Ms. Chevalier lacked standing to proceed as next friend of Ms. Glasscock.

We next consider whether the trial court erred in denying Ms. Chevalier's motion to amend her petition. Tenn. R. Civ. P. 15.01 provides in pertinent part that:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

Courts have identified several factors that could warrant the denial of a motion to amend a pleading, despite the instruction that leave to amend is to be "freely given" including: "(1) undue delay in seeking the amendment, (2) lack of notice to the opposing party, (3) bad faith or dilatory motive of the moving party, (4) repeated failure by the moving party to cure deficiencies in earlier amendments, (5) futility of the proposed amendment, and (6) undue prejudice to the opposing party." *Hardcastle v. Harris*, 170 S.W.3d 67, 81 (Tenn. Ct. App. 2004). The court's ruling on a motion to amend is a discretionary one that will not be reversed unless abuse of discretion has been shown. *See Welch v. Thuan*, 882 S.W.2d 792, 793 (Tenn. Ct. App. 1994). A court abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

---

[3] We note also that Tenn. Code Ann. § 30-1-106, by its terms applies to intestate estates.

We have examined Ms. Chevalier's motion to amend the petition in light of the foregoing factors, the nature of this proceeding, and the issues involved, and hold that the trial court properly denied her motion. The claim raised in the proposed amendment was not related to the administration of the decedent's estate in any regard; rather, it sought to invalidate the power of attorney granted by Ms. Glasscock, the beneficiary of the decedent's estate. Therefore, we find that the trial court did not abuse its discretion in denying the motion to amend.[4]

## III. Conclusion

For the foregoing reasons, we affirm the trial court in all respects.

_____
RICHARD H. DINKINS, JUDGE

---

[4] As noted by the trial court, Ms. Chevalier may file a conservatorship proceeding if she wishes to challenge the validity of the power of attorney.