D. T. VARNELL *et al v.* JOHN LOAGUE.

ADMINISTRATION. *Letters granted to public administrator within six months.* The provisions of the act authorizing the appointment of public administrators disclose a legislative intent that the parties interested in the estate of a decedent, should have six months within which to apply for administration in the usual way, and if letters have been granted to the public administrator, the probate court may, upon the application of the parties, within the six months, revoke the letters.

FROM SHELBY.

Appeal from the Probate Court of Shelby county. T. D. ELDRIDGE, J.

W. B. GLISSON for Varnell.

W. M. RANDOLPH for Loague.

Varnell *v.* Loague.

COOPER, J., delivered the opinion of the court.

On January 25, 1881, Gray Varnell, a citizen of Shelby county, departed this life in that county, intestate. On the 3d day of the next month, one Marion Crosser, filed his petition in the probate court of Shelby county, stating that he was in possession of certain money and effects, the property of the estate of the deceased, and asked that John Loague, the public administrator of the county, be granted letters of administration on the estate. On the same day, the court ordered letters to issue as prayed. Loague, as public administrator, and without giving a separate bond, thereupon took possession of the estate, and proceeded to administer upon it.

D. T. Varnell and others, the next of kin of the intestate, and non-residents of the State, came into the probate court by petition, on February 13, 1881, and asked that the letters granted to Loague be revoked, upon the ground that, under the statute authorizing the appointment of a public administrator, letters could not be granted to such administrator until six months after the intestate's death. They further asked, that N. Calhoun, a citizen of the county, who joined in the petition, be appointed administrator in the usual way. This application seems to have been withdrawn, but was afterwards, upon a more formal petition, renewed on the 23d of June, 1881. The petitioners expressed their willingness, however, to sanction the appointment of Loague, if he would immediately account for, and pay over the assets upon refunding

bond, there being no debts of the estate. Loague answered the petition, and declined to make any settlement of his administration before the expiration of two years from the grant of letters. The cause was heard June 28, 1881, and the court revoked the letters issued to Loague, and appointed Calhoun administrator, upon his executing the proper bond. From this decree, Loague has appealed to this court.

The jurisdiction of the county court in this State over the subject of administration, with which jurisdiction the probate court of Shelby county is clothed, is original, general and exclusive, and the presumption is in favor of the proper exercise of its power: *Brien* v. *Hart*, 6 Hum., 131. But before the issuance of letters of administration, the administrator must give bond in double the value of the estate, with two or more securities, conditioned for the faithful performance of his duties: Code, sec. 2222. On February 2, 1871, the Legislature authorized the county courts to appoint public administrators for their respective counties, upon their giving bond, with two or more approved securities, in such an amount as will be amply sufficient, in the discretion of the court, to protect the estates which may come to the hand of the administrator. This act is brought into the Revised Code, sec. 468 *a*. By sec. 468 *d*, of the act, it is provided, that should any person entitled to the administration of an estate fail to apply to the court having jurisdiction, and take out letters of administration, within six months after the death of the intestate, it shall be the duty of the public administrator to enter upon the administration

of the estate, first applying to the county court for necessary letters of administration.

The contention of the next of kin in this case is, that letters of administration, granted to the public administrator within six months after the death of the intestate, are void, and that it is the duty of the court, upon the application of the next of kin within the six months, to revoke such letters, and appoint an administrator in the usual way. On the other hand, it is intended that the letters granted are not void, and should not be revoked except upon the application of some party entitled to the administration; that the next of kin are not applying for the appointment of either one of them, or any other person entitled to administration, but simply of a person of their selection.

It seems very obvious that the Legislature intended that the parties interested in the estate of an intestate should have six months within which to apply for administration in the usual way, and that the public administrator should have no right to demand letters until the expiration of that time. It does not follow that the grant of letters within the time would be void, nor is it necessary to make an authoritative ruling on the point in this case. But we are clearly of opinion that the next of kin have the right, within the six months, to have the estate administered in the ordinary mode, and for this purpose, to apply to the court for a revocation of the letters issued to the public administrator. The power to revoke letters of administration in a proper case is well settled in this

11—VOL. 9.

State, and follows necessarily from the plenary juris-
diction of the court over the administration: *McGow-
an* v. *Wade*, 3 Yer., 375; *Wilson* v. *Hoss*, 3 Hum.,
142; *Wilson* v. *Frazier*, 2 Hum., 30.

The judgment will be affirmed, with costs against
the appellant, and the cause remanded for further pro-
ceedings.