Rodes *v.* Boyers.

(*Nashville.* February 16, 1901.)

ADMINISTRATION. *Priority of.*

Letters of administration granted to a creditor of the estate, or even to a stranger, five years after an intestate's death, will not be revoked on application of the widow or next of kin claiming priority of right to administer, in the absence of some satisfactory explanation of their delay in asking for letters of administration.

Code construed: § 3939 (S.); § 3047 (M. & V.); § 2206*a* (T. & S.).
Cases cited: Wilson *v.* Hoss, 3 Hum., 142; Varnell *v.* Loague, 9 Lea, 161.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner County. LYTTON TAYLOR, Sp. J.

C. E. RODES and J. J. TURNER for Rodes.

J. W. BLACKMORE, DISMUKES & DISMUKES for Boyers.

WILKES, J. This is a contest over the right of priority to administer upon an estate. Thomas Boyers, Jr., died intestate in April, 1895, leaving a widow, son and daughter.

He was indebted at the time of his death to
J. J. Turner by judgment for $1,478.25, and
this seems to have been his only debt. He left
but little estate. No year's allowance, homestead
or dower, was assigned, and no administrator was
appointed until January, 1900, when C. E. Rodes
was, at the instance of J. J. Turner, the cred-
itor, appointed and qualified. Thereupon the son,
daughter and her husband filed a petition in the
County Court to remove Rodes and to have the
son, Thomas Boyers, junior, appointed· in his
stead, the widow having died in the meantime.
The petition stated that there was but little per-
sonal estate, and that the administration had been
imprudently granted and illegally issued to Rodes;
and that while Turner was a creditor Rodes was not.
Thereupon J. J. Turner made application and was
joined with Rodes and gave bond and took out
letters. Upon hearing in the County Court the
letters granted to Rodes and Turner were revoked
and canceled, and Thomas Boyers, Jr., was ap-
pointed in their stead. Rodes and Turner ap-
pealed to the Circuit Court. In the meantime
Turner had filed a bill in Chancery to sell cer-
tain lots belonging to the estate for satisfaction
of his debts. On hearing in the Circuit Court
the action of the County Court was affirmed, and
Rodes and Turner have appealed to this Court
and assigned error.

The only question before us is, Should the County

Court have revoked the letters granted to Rodes and Turner and appointed Boyers in their place? The statute (Shannon, § 3939) provides that administration shall be granted to the widow in the first instance if she applies, second to the next of kin, and third to the largest creditor.

Neither the widow nor next of kin made any application to administer for about five years after the death of the intestate, and no excuse or reason is given for the delay. In the case of *Wilson* v. *Hoss,* 3 Hum., 142, Hoss, who was neither a creditor nor next of kin, was appointed administrator, and the Court held that his appointment was *prima facie* evidence of the right to administer, and the letters should not be re- ·voked or recalled without evidence that he was not entitled, and that another was so entitled.

It was held in the case of *Varnell* v. *Loague,* 9 Lea, 161, that the next of kin had the right, as against a public administrator, to administer within six months from the death of intestate, but if letters were granted to the public administrator within the six months, they would not be void, but might be revoked at the instance of the next of kin within the six months. In Pritchard on Wills, Sec. 545, it is said: "The statute does not expressly limit the time which shall be allowed persons entitled to preference in granting an administration to assert such preference by making application, but other statutes pro-

vide for committing administration to a public administrator, and for the appointment of an administrator in chancery after six months from the death of an intestate; thus in effect limiting the time within which a superior right to administer shall be asserted to six months as against an appointment made after that time, unless the delay is satisfactorily accounted for.

Without fixing six months as an invariable rule, we think that it is a safe and reasonable one. In any event the right of priority cannot continue indefinitely and without limit, and we think it is waived by failure to assert it within five years, as in this case, without giving some good reason for the delay. We are therefore of opinion there is error in the action of the County and Circuit Courts in holding the appointment of Boyers to be good, and in removing Rodes and Turner as administrators, and the judgment of said Courts is reversed, and the letters of Boyers are canceled, and the right of Rodes and Turner to continue in the administration is declared.

The petitioners will pay the cost of the proceeding.