WILLIAMS *v.* STEWART.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

TURNER & HASTON, for plaintiff in error.

W. L. SWALLOWS, ALBERT WILLIAMS and REECE L. MACEY, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a proceeding instituted in the county court of Putnam county to obtain a revocation of letters of administration issued to defendant, H. H. Stewart, upon the estate of Ernest Ray Williams, deceased. The county court revoked the said letters previously awarded to Stewart and, on appeal, this action was affirmed in the circuit court. The case was tried in the circuit court upon the technical record from the county court and upon a stipulation of facts.

The deceased was a son of John Williams and Bettie Williams, who lived in Putnam county, Tennessee. He was killed as the result of a collision between an automobile and a train of the Tennessee Central Railway Company. Shortly after his death, his father and mother had domestic troubles and separated.

The father went before the county court of Putnam county and requested that court to appoint H. H. Stewart as administrator of the estate of the deceased boy, the father not wishing to serve in that capacity himself. Within six months, the mother, the plaintiff herein, filed her petition in the county court asking that the letters of administration issued to defendant, Stewart, be recalled and that she be appointed administratrix of the estate of her son.

We think that the courts below were required by our statutes to grant to the plaintiff the relief she sought. The deceased was a young man, unmarried.

Section 8151 of the Code of 1932 is as follows:

"When any person shall die intestate in this State, administration shall be granted to the widow of such person, if she make application for the same. For want

of such application upon the part of the widow, the administration shall be granted to the next of kin, if such next of kin apply therefor. If neither the widow nor next of kin make application for administration, then the same shall be granted to the largest creditor proving his debt on oath before the county court, or county judge; provided, that when there are more than one next of kin, the county court may decide which of them shall be entitled to administration.''

This court said, referring to this statute, that ''in making said appointment, the next of kin will have preference, unless unfit for the office; next, the appointee of the next of kin, unless unfit; next, the largest creditor; and, in default of these, such person as the county judge may deem most suitable and proper, in accord with the rules herein laid down.'' *In re Wooten's Estate,* 114 Tenn., 289, 313, 85 S. W., 1105, 1112.

Prior to chapter 50 of the Public Acts of 1923, the father of deceased would have been his distributee, or next of kin, and entitled to administer on his estate. Section 2429, subsection 4, Code of 1858. Since the Act of 1923, however, if an intestate leaves no husband, wife, or children, his personal property is distributed ''to the father and mother in equal parts.'' Section 8389, subsection 4, Code of 1932. If the father and mother in this case had both applied for administration, it would have been within the discretion of the county court to decide to which of them letters should be issued under section 8151 of the Code of 1932, above quoted. If the father himself had administered upon the estate of the deceased boy, it would not have been proper for the county judge to revoke this appointment arbitrarily. But when the father declined the appointment, the mother primarily

having an equal right to the appointment, she certainly has a superior right to the father's appointee.

It is well settled by decisions of this court that when letters of administration are improvidently granted to a party not entitled thereto by law, such an appointment is revocable on the application of a party so entitled. *The State, for use, etc.,* v. *Anderson,* 84 Tenn. (16 Lea), 321, 329; *Wilson* v. *Hoss,* 22 Tenn. (3 Humph.), 142.

We recognize, of course, the rule that the personal fitness of applicants for administration should be considered by the court and that this matter in a particular case may be of sufficient importance to justify a court in disregarding the statutory order of preference and appointing a suitable party. *Fitzgerald* v. *Smith,* 112 Tenn., 176, 78 S. W., 1050. No such consideration, however, arises in the case before us. The young man who was killed appears to have left no estate except a claim for damages against the railway company. There is nothing against his mother on the record and she is said to be a woman of intelligence. If there is a recovery on this claim, she will have lawyers to advise her as to the proper disposition thereof.

Affirmed.