COMMERCE UNION BANK et al. v. FOX.—192 S. W.
(2d) 233.

Middle Section.   October 27, 1945.

Petition for Certiorari denied by Supreme Court, January 11, 1946.

Cornelius, Ballew & Gilbert, of Nashville, for plaintiffs in error.

Ben West, Joe Brown Cummings, and Albert Williams, all of Nashville, for defendant in error.

HICKERSON, J. Harry G. Walters died intestate. His widow declined to act as the administratrix of his estate, but nominated Commerce Union Bank as such administrator. The present suit is a contest between Commerce Union Bank, the nominee of the widow, and Elizabeth Walters Fox, a daughter and next of kin of the deceased, involving the right to administer the estate. The county judge decided in favor of Commerce Union Bank on the ground that there was ill feeling between Elizabeth Walters Fox and the widow.

The circuit judge reversed the judgment of the county court, and held that the daughter was preferred over the nominee of the widow.

There is no controversy about the facts. The attorneys stated in open court, when the case was tried in the circuit court, that all parties to the suit were "competent and qualified to administer the estate." Ill feeling did exist between Elizabeth Walters Fox, who was a daughter of the deceased and his first wife whom he had divorced, and the widow who was his second wife.

Code, sec. 8151, provides: "Who is preferred in granting letters.—When any person shall die intestate in this state, administration shall be granted to the widow of such person, if she make application for the same. For want of such application upon the part of the widow, the administration shall be granted to the next of kin, if such next of kin apply therefor. If neither the widow nor next of kin make application for administration, then the same shall be granted to the largest creditor proving his debt on oath before the county court, or county judge; provided, that when there are more than one next of kin, the county court may decide which of them shall be entitled to administration."

This Code section is not absolutely mandatory. The personal fitness of applicants for administration should be considered by the court and may justify a court in disregarding the statutory order of preference. Williams v. Stewart, 166 Tenn. 615, 64 S. W. (2d) 194; Fitzgerald v. Smith, 112 Tenn. 176, 78 S. W. 1050.

In re Wooten's Estate, 114 Tenn. 289, 85 S. W. 1105, 1112, involved a construction of this statute. The next of kin declined to act but appointed another to act in her stead. The county court held the nominee of the next of kin was ineligible and appointed a stranger. The circuit court held neither the nominee of the next of kin nor the stranger who was appointed by the county court had the right to administer the estate. The Supreme

Court affirmed that part of the judgment of the circuit court, and the cause was remanded to the circuit court with instructions to issue a procedendo to the county court directing that the judge of that court appoint an administrator of the estate. The Supreme Court laid down this rule for the guidance of the county court: "In making said appointment, the next of kin will have preference, unless unfit for the office; next, the appointee of the next of kin, unless unfit; next, the largest creditor; and, in default of these, such person as the county judge may deem most suitable and proper, in accord with the rules herein laid down."

Of course, the next of kin may not be in the same degree. The Wooten case did not hold that the next of kin of the highest degree could decline to act, and nominate an administrator to act in his stead who would be preferred over the next of kin of a lesser degree.

The intention of the legislative body should be given effect in construing any statute. By the enactment of Code, sec. 8151, we think the Legislature meant to prefer the members of the family in providing for the granting of letters of administration. They are the ones who inherit the estate. They are closer to the deceased by blood ties and by right of property than creditors or strangers. Hence, the widow, the other half of the man, is given the first preference. The nominee of the widow should be preferred to a creditor or a stranger. Following the right of the widow, comes the next of kin, in the event there is no widow, or she declines to act. The nominee of the next of kin is preferred to a creditor or stranger. The nominee of the next of kin of a higher degree is not preferred to the next of kin of a lesser degree who applies for letters of administration. The whole purpose of the Legislature was to preserve the

right to administer to the nearest relative, or next of kin, who wants to exercise the right.

Confining our construction of the statute strictly to the question presented in the instant case, we hold the statute to mean: widows are first preferred, but the nominee of a widow is not preferred over the next of kin. Wherefore, when the widow of Harry G. Walters declined to act as administratrix, but nominated Commerce Union Bank to act for her, and a daughter of the deceased, who was supported by all of his children and heirs at law, protested the appointment of the nominee of the widow, and sought to be appointed herself, such daughter had the right to administer upon the estate. We do not think the Legislature intended to provide that a complete stranger, who had no interest in an estate, should be preferred as administrator of that estate over a son or daughter of the deceased who wanted that right.

The assignment of error is overruled, and the judgment of the circuit court is affirmed. Remand the cause to the circuit court for further proceedings consistent with this opinion. The costs will follow the judgment.

Felts and Howell, JJ., concur.