TUDOR *et al. v.* SOUTHERN TRUST Co. *et al.*

(*Nashville,* December Term, 1951.)

Opinion filed February 9, 1952.

ALBERT WILLIAMS and J. F. DOTY, both of Nashville, and COLLIER GOODLETT, of Clarksville, for complainants.

McREYNOLDS & MARKS, and DANIEL & HARVILL, all of Clarksville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case is before us on a writ of error to the Circuit Court of Montgomery County to reverse a judgment of that court sustaining a demurrer to the petition of Delcie Tudor and Betty L. Watts Thorne, who sought the appointment of Delcie Tudor as administrator of the estate

of R. W. Walker, deceased. The Southern Trust Company and Miss Janie Outlaw (no relation to the deceased) had been appointed by the County Court as coadministrators. Petitioners, the aunt and first cousin of the deceased, sought to have these appointments cancelled and have Mrs. Tudor, first cousin of the deceased, appointed instead.

The County Court, as well as the Circuit court, sustained the demurrer to the petition.

It is agreed that the decision in this case is to be determined by the language of Williams' Code, Section 8151, which is as follows: "When any person shall die intestate in this state, administration shall be granted to the widow of such person, if she makes application for the same. For want of such application upon the part of the widow, the administration shall be granted to the next of kin, if the next of kin apply therefor. If neither the widow nor next of kin make application for administration, then the same shall be granted to the largest creditor proving his debt on oath before the county court, or county judge; provided, that when there are more than one next of kin, the county court may decide which of them shall be entitled to administration."

It appears that the deceased was survived by no widow or children but by one brother, Willie Walker; an aunt, petitioner Thorne; by a first cousin, petitioner Tudor, and by other cousins. These petitioners, the aunt and the first cousin, would take no part of the estate of the deceased. The entire estate would go to the surviving brother, Willie Walker. He nominated the defendant Southern Trust Company and Miss Janie Outlaw to be the administrators.

The term "next of kin" is used in the law with two meanings: first, next or nearest in blood relationship

computed according to the law of consanguinity, and second, those persons entitled to the personal estate of the intestate under the statutes of distribution. *Frank* v. *Frank*, 180 Tenn. 114, 172 S. W. 2d 804.

We are of the opinion that under said section above quoted, the legislature meant to prefer the members of the family in providing for the granting of letters of administration because they are the ones who inherit the estate and are closer to the deceased by blood ties and by right of property than creditors or strangers to the estate. *Commerce Union Bank* v. *Fox,* 28 Tenn. App. 587, 192 S. W. 2d 233; *Williams* v. *Stewart,* 166 Tenn. 615, 64 S. W. 2d 194.

The right to administer the estate of an intestate follows the right to the property comprising said estate and reference to the statutes of distribution will determine who is entitled to administer under the preference given the next of kin. We do not think remote relatives, without interest in the estate, are within the classification "next of kin" within the meaning of Section 8151 of the Code and similar statutes granting the next of kin preferential rights to the administration. *Commerce Union Bank* v. *Fox,* supra; Sizer's Prichard Law of Wills and Executors, 2 Ed. Section 540, p. 578.

In Sizer's Prichard Law of Wills and Executors, 2 Ed. Section 540, p. 578, it is stated: "But it is an established principle that the right to administer the effects of an intestate follows the right to the property in them; hence, a reference to the statutes of distribution will, in most cases, determine who is entitled to letters of administration."

In 33 C. J. S., Executors and Administrators, Section 31, page 922, it is said: "The policy of the law is to commit the administration of a decedent's estate to those

having a beneficial interest therein, persons interested being as a general rule preferred, and statutes conferring priority of right to administration on certain classes have for their purpose the effectuation of such policy. Ordinarily one not entitled to share in the estate is not entitled to letters of administration, and interested parties are the only ones who can demand an administration of the estate.''

In 21 Am. Jur., Executors and Administrators, Section 64, p. 409, it is said: ''Next after husband and wife, the preference as to letters of administration is usually given, under modern statutes, to the next of kin or to the nearest relative of the deceased. As thus used, the term 'next of kin' has come to mean ordinarily those persons who take the personal estate of the deceased under the statutes of distribution.'' See, In re Weaver's Estate, 140 Iowa 615, 119 N. W. 69, 22 L. R. A., N. S., 1164; *Wilcox* v. *Bierd,* 330 Ill. 571, 162 N. E. 170; *Equitable Trust Co. of Columbia* v. *Epling,* 168 S. C. 494, 167 S. E. 820.

In *Commerce Union Bank* v. *Fox,* supra [28 Tenn. App. 587, 192 S. W. (2d) 234], the widow of the intestate declined the administration and sought to have the bank appointed in her stead. The application was opposed by a daughter of the intestate who desired the administration herself and who was supported by all of the children and heirs at law of the estate. The portion of the personalty distributable to the widow was only a child's part. Code, Section 8389(1).

In that case the court said:

''The intention of the legislative body should be given effect in construing any statute. By the enactment of Code, Section 8151, we think the Legislature meant to prefer the members of the family in providing for the

granting of letters of administration. They are the ones who inherit the estate. They are closer to the deceased by blood ties and by right of property than creditors or strangers. Hence, the widow, the other half of the man, is given the first preference. The nominee of the widow should be preferred to a creditor or a stranger. Following the right of the widow, comes the next of kin, in the event there is no widow, or she declines to act. The nominee of the next of kin is preferred to a creditor or stranger. The nominee of the next of kin of a higher degree is not preferred to the next of kin of a lesser degree who applies for letters of administration. The whole purpose of the Legislature was to preserve the right to administer to the nearest relative, or next of kin, who wants to exercise the right.

"Confining our construction of the statute strictly to the question presented in the instant case, we hold the statute to mean: widows are first preferred, but the nominee of a widow is not preferred over the next of kin. Wherefore, when the widow of Harry G. Walters declined to act as administratrix, but nominated Commerce Union Bank to act for her, and a daughter of the deceased, who was supported by all of his children and heirs at law, protested the appointment of the nominee of. the widow, and sought to be appointed herself, such daughter had the right to administer upon the estate. We do not think the Legislature intended to provide that a complete stranger, who had no interest in an estate, should be preferred as administrator of that estate over a son or daughter of the deceased who wanted that right."

In that case, the rights of the next of kin were protected because they are the ones who inherit the estate. Here

the petitioners did not claim to inherit the estate of the deceased.

There is no contention that the defendants are not proper and suitable persons to act as administrators. It results that we find no error in the judgment of the Circuit Court and it is affirmed.