JOHN NELSON LAKINS, Adm'r

*v.*

LAURA KATHERINE ISLEY

(*Knoxville,* September Term, 1955)

(May Session, 1956)

Opinion filed June 8, 1956.

Rehearing Denied July 20, 1956.

354

J. Carl Lambdin, Jefferson City, W. I. Daniel, Rutledge, for appellant.

D. S. Beeler, Rutledge, Francis W. Headman, Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case is a contest over the qualification of a personal representative in connection with the estate of Lillian Isley Lakins, deceased. John Nelson Lakins was appointed administrator of the estate by the County Court. Laura Katherine Isley filed a petition for his removal.

The Judge of the Grainger County Court dismissed her petition and she appealed, and the matter was heard by the Circuit Court, and that Court removed John Nelson Lakins as personal representative, and the matter was referred back to the County Court of Grainger County, for the final account of John Nelson Lakins, and for qualification of Laura Katherine Isley as such personal representative.

In the Circuit Court there was no controversy over the facts, and they were stipulated in open court.

The facts are that Lillian Isley Lakins was about twenty years old at the time of her death. She was killed in an automobile collision at Rutledge, Tennessee, on December 20, 1954. She was married to John Nelson Lakins, in Rutledge, Tennessee, on December 1, 1951,

and was divorced from him in the Chancery Court of Grainger County, Tennessee, on November 23, 1954.

It seems that in the proceedings the custody of the infant child was given to the wife, the deceased, and this child Darnell Lakins is the sole heir at law of her mother. It seems the child at present is with her grandmother, Laura Katherine Isley.

A damage suit is now pending in the Circuit Court of Grainger County, filed by the plaintiff, John Nelson Lakins, as administrator of Lillian Isley Lakins, deceased.

The said minor child's grandmother, defendant Laura Katherine Isley, has sought to intervene in the cause as next friend of the child.

So the question presented here is whether the mother of the deceased has the right to have the plaintiff John Nelson Lakins removed as administrator of the estate of her daughter. It should be borne in mind if there is any recovery or there are other assets of the estate these assets would pass to the infant, Darnell Lynn Lakins, and not to the mother of the deceased.

The qualification of a personal representative is governed by Section 8151, Williams Code, Section 30-109, T.C.A., and is as follows:

"When any person shall die intestate in this state, administration shall be granted to the widow of such person, if she make application for the same. For want of such application upon the part of the widow, the administration shall be granted to the next of kin, if such next of kin apply therefor. If neither the widow nor next of kin make application for administration, then the same shall be granted to the largest creditor

proving his debt on oath before the county court, or county judge; provided, that when there are more than one next of kin, the county court may decide which of them shall be entitled to administration.''

The term next of kin is used in the law with two meanings: First, the next or nearest in blood relationship computed according to the law of consanguinity, and, second, those persons entitled to the personal estate of the intestate under the statutes of distribution. See *Tudor v. Southern Trust Co.*, 193 Tenn. 331, 246 S.W.2d 33, citing *Frank v. Frank,* 180 Tenn. 114, 172 S.W.2d 804.

We are of the opinion that under the above Section quoted the Legislature meant to prefer the members of the family in providing for the granting of letters of administration, because they are the ones who inherit the estate, and are closer to the deceased by blood ties and by right of property than creditors or strangers to the estate.

In *Tudor v. Southern Trust Co.,* 193 Tenn. 334, 246 S.W.2d 35, it was said:

"The right to administer the estate of an intestate follows the right to the property comprising said estate and reference to the statutes of distribution will determine who is entitled to administer under the preference given the next of kin. We do not think remote relatives, without interest in the estate, are within the classification 'next of kin' within the meaning of Section 8151 of the Code and similar statutes granting the next of kin preferential rights to the administration. *Commerce Union Bank v. Fox, supra,* [28 Tenn. App. 587, 192 S.W.2d 233]; Sizer's Prichard Law of Wills and Executors, 2 Ed. sec. 540, p. 578.

"In Sizer's Prichard Law of Wills and Executors, 2 Ed. sec. 540, p. 578, it is stated: 'But it is an established principle that the right to administer the effects of an intestate follows the right to the property in them; hence, a reference to the statutes of distribution will, in most cases, determine who is entitled to letters of administration.'

'In 33 C.J.S., Executors and Administrators, sec. 31, p. 922, it is said: 'The policy of the law is to commit the administration of a decedent's estate to those having a beneficial interest therein, persons interested being as a general rule preferred, and statutes conferring priority of right to administration on certain classes have for their purpose the effectuation of such policy. Ordinarily one not entitled to share in the estate is not entitled to letters of administration, and interested parties are the only ones who can demand an administration of the estate.' "

■ ■ In the case now before us the mother of the deceased would take no part of the personal assets nor any part of the recovery, if any. These assets would pass to the minor child and the plaintiff is the father of this minor. There is no charge made that the plaintiff is not a proper and suitable person to be the administrator. The discretion to appoint an administrator is left largely to the County Court or Judge or chairman thereof, and relatives, who would not inherit anything in the estate have no standing in court to remove an administrator already appointed where they have no interest in the estate as next of kin or distributee.

■ ■ It might be observed here that the jurisdiction of the Circuit Court on matters pertaining to the appointment of administrators is appellate and revisory

only, and it is without authority to grant letters of administration, but the proper practice is for that court, upon determination of the appeal, to remand the case for the issuance of letters, and not to hear new applications for the appointment of an administrator after declaring that none of the applicants in the county court was entitled to the administration. *In re Wooten's Estate,* 114 Tenn. 289, 85 S.W. 1105; Phillips, Pritchard on Wills and Administration, Vol. 2, Section 525.

It therefore follows that the judgment of the circuit court will be reversed and this being our disposition of the case it follows that in the companion case of *John Nelson Lakins, Administrator v. Armour & Company,* may be proceded with in the Circuit Court with the present administrator as plaintiff.