IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

**IN RE: ESTATE OF**
**PURNIE ANN ALLEN,**
**Deceased,**

**FILED**

**December 28, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FROM THE SHELBY COUNTY
PROBATE COURT, No. B-26326
THE HONORABLE LEONARD
PIEROTTI, JUDGE
***AFFIRMED***
C.A. No. 02A01-9808-PB-00232

C. Michael Robbins of Memphis
William D. Massey of Memphis
**For Appellant, William B. Allen, Sr.**

R. Michael Potter; Beth Weems
Bradley; Burch, Porter & Johnson
of Memphis
**For Appellee, William B. Allen, Jr.**

_____

MEMORANDUM OPINION[1]
AND ORDER

_____

*CRAWFORD, J.*

Petitioner, William B. Allen, Sr., a life beneficiary of a trust, appeals the order of the

Probate Court denying a petition to remove the trustee, respondent, William B. Allen, Jr..

The order appealed denying the removal of the trustee also deferred for later

consideration a cross petition filed by the respondent-trustee. At the time of oral argument, the

Court was preliminarily of the opinion that the judgment was not a final judgment appealable

as of right pursuant to T.R.A.P. 3. In retrospect, however, we are of the opinion that probate

matters because of their continuing nature can have finality as to various proceedings over the

course of time. Our courts have long established that appeals from orders removing or refusing

---

[1] Rule 10 (Court of Appeals). **Affirmance Without Opinion.** The Court, with the concurrence of all jduges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

> (1) the Court concurs in the facts as found or as found by necessary implication by the trial court.
>
> (2) there is material evidence to support the verdict of the jury.
>
> (3) no reversible error of law appears.

Such cases may be affirmed as follows: "Affirmed in accordance with Court of Appeals Rule 10(a)."

to remove executors or administrators are appealable as in other cases.  2 Jack Robinson, Jr. & Jeff Mobley, *Pritchard on Wills and Administration of Estates* § 616 (5th ed. 1994); *see In Re Wooten's Estate*, 114 Tenn. 289, 85 S.W. 1105 (1905); *Rhodes v. Boyer*, 106 Tenn. 434, 61 S.W. 776 (1901).  As testamentary trustees may be removed by the probate court and occupy a somewhat analogous position to executors or administrators, this rule should equally apply to trustees.  Accordingly, we determine that this case is properly appealed to this Court.

After careful consideration of the entire record, the judgment is affirmed in accordance with Court of Appeals Rule 10(a).  Costs of the appeal are assessed to appellant for which execution may issue, if necessary.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**