IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 10, 2019 Session

## IN RE ESTATE OF DANTÉ LAMAR EDMONDS

**Appeal from the Probate Court for Shelby County**
**No. PR-10785      Karen D. Webster, Judge**

_____

### No. W2018-01783-COA-R3-CV
_____

Initially, Decedent's Mother was appointed personal representative of Decedent's estate without notice to Decedent's spouse or minor child. Spouse promptly filed a petition to remove Decedent's mother as personal representative. The trial court granted the petition and named the guardian ad litem of the child as personal representative of the estate. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Chastity Sharp Grice, Memphis, Tennessee, for the appellant, Sherry Jones.

Edward T. Autry and Steven N. Snyder, Jr., Memphis, Tennessee, for the appellee, Hannah E. Bleavins.

### OPINION

#### BACKGROUND

This is a dispute regarding the proper administrator of an estate between Appellant Sherry Jones and Appellee Hannah E. Bleavins ("GAL Bleavins"), Successor Personal Representative of the Estate of Danté Lamar Edmonds ("Decedent"). Decedent passed away on February 21, 2018.[1] Decedent's funeral occurred on or about March 3, 2018. On March 6, 2018, Decedent's mother, Ms. Jones, filed a verified petition to open Decedent's estate and to be named as the estate's personal representative. The petition

_____

[1] No evidentiary hearing took place in this case. As such, we take the facts, to the extent that they appear undisputed, from the technical record.

noted that Decedent died intestate. Among the assets listed in Decedent's estate were limited personal property and a wrongful death cause of action.

The petition further alleged that Decedent had two heirs, a wife, Raven Edmonds, and a minor daughter, Kylie Edmonds ("Daughter"). Ms. Jones asked to be named personal representative of the estate "[f]or want of application by the spouse[.]" The petition noted, however, that no notice had been sent to these heirs "consistent with the provisions of" Tennessee Code Annotated section 30-1-117(b)[2] and that Ms. Jones was proceeding pursuant to Tennessee Code Annotated section 20-5-106(c)(3).[3] Moreover, the petition alleged that Decedent and Mrs. Edmonds had been separated for a period of more than two years and that there was good cause to excuse notifying Mrs. Edmonds.

On March 7, 2018, the Shelby County Probate Court ("the trial court")[4] entered an order opening Decedent's estate and naming Ms. Jones as personal representative, finding that Ms. Jones is "a person entitled to serve as Personal Representative under" Tennessee Code Annotated section 30-1-106.[5]

On March 16, 2018, Mrs. Edmonds, both on her own behalf and as the legal and natural guardian of Daughter, filed a verified petition to remove Ms. Jones as personal representative of the estate. Mrs. Edmonds alleged that despite attending Decedent's funeral three days prior to filing her petition, Ms. Jones provided Mrs. Edmonds and Daughter with no formal or informal notice of her intent to open Decedent's estate. In addition, Mrs. Edmonds alleged that Ms. Jones was not qualified to serve as personal representative because (1) Mrs. Edmonds, as Decedent's spouse, had priority under

---

[2] This section provides that "[n]o notice of the probate proceeding shall be required except for probate in solemn form, which shall require due notice in the manner provided by law to all persons interested."

[3] Section 20-5-106(c) applies to wrongful death actions and provides as follows:

> Notwithstanding any other law to the contrary, the right to institute and the right to collect any proceeds from a wrongful death action granted by this section to a surviving spouse shall be waived, if the children or next of kin establish the surviving spouse has abandoned the deceased spouse as described in § 36-4-101(a)(13) or otherwise willfully withdrawn for a period of two (2) years.
>
> (2) If the period of two (2) years has passed since the time of abandonment or willful withdrawal, then there is created a rebuttable presumption that the surviving spouse abandoned the deceased spouse for purposes of this section.
>
> (3) In an action under this section, the child or next of kin shall serve the surviving spouse with process as provided in the rules of civil procedure or by constructive service as may otherwise be provided by law.

[4] Probate Judge Kathleen Gomes entered this order sitting by interchange. Probate Judge Karen Webster presided over the remainder of the proceedings in this case.

[5] Section 30-1-106 contains statutory preferences for determining who may serve as personal representative of an estate, discussed *infra*.

section 30-1-106 to seek administration of the estate (2) there had been insufficient time to determine if there was "want of application . . . upon the part of the spouse" so that administration could fall to next of kin; (3) under intestacy rules, Ms. Jones was simply not "next of kin" qualified to administer the estate under section 30-1-106; (4) Ms. Jones failed to notify Mrs. Edmonds of her intent to open the estate pursuant to local rules; and (5) in seeking this action without notice, Ms. Jones was acting in a "hostile" and "deceitful" manner.

Ms. Jones filed a response to the petition to remove her as personal representative, generally denying that she had acted inappropriately in her petition to open the estate or in being named personal representative. A hearing was held on June 28, 2018.[6] No evidence was presented as the parties asserted that the matter was a purely legal issue. Counsel for Mrs. Edmonds noted without dispute that in the interim between the filing of the verified petition to remove Ms. Jones and the hearing, a guardianship had been opened for Daughter in the trial court in a separate proceeding; GAL Bleavins had been named the child's guardian ad litem.[7] According to counsel, the order of guardianship had become final. During the hearing, Ms. Jones argued that the proper focus was not whether another party had a statutory preference to serve as administrator under section 30-1-106, but whether she could be removed as administrator pursuant to the statutes concerning that issue, particularly Tennessee Code Annotated section 35-15-706. Because she committed no wrongdoing in the administration of the estate, Ms. Jones argued that removal was not authorized.

The trial court entered an order on July 9, 2018, removing Ms. Jones as personal representative. Therein, the trial court noted that Mrs. Edmonds had a statutory preference to serve as personal representative and that GAL Bleavins, on behalf of Daughter, was next in line in the event that Mrs. Edmonds declined to serve. The trial court also noted that Mrs. Edmonds had asked that GAL Bleavins serve as personal representative in her capacity as guardian ad litem of Daughter. GAL Bleavins was therefore appointed as personal representative. The trial court also ruled that Ms. Jones would be required to file a full accounting. The trial court certified its order as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

The trial court later denied Ms. Jones's motion to reconsider by order of September 12, 2018. Therein, the trial court specifically addressed Ms. Jones's argument that she could only be removed under section 35-15-706. Even crediting this argument, the trial court found that removal was appropriate under that statute because (1) Ms. Jones committed a serious breach of trust in rushing to the court house to seek administration of the estate without providing any notice to Mrs. Edmonds; and (2)

---

[6] By the time of the hearing, Ms. Jones was represented by different counsel than the attorney who initially filed her petition.

[7] GAL Bleavins works in the same law practice as Mother's counsel.

- 3 -

removal was requested by all beneficiaries. Both of these situations, the trial court ruled, authorized removal under section 35-15-706. Again, the trial court designated its order as final and appealable. A notice of appeal was filed on September 28, 2018.

## ISSUES PRESENTED

Ms. Jones raises two issues on appeal, which are taken and slightly restated from her appellate brief:

1. Whether Tennessee Code Annotated § 30-1-106 authorizes a Probate Court to remove a duly appointed Personal Representative without cause, as is required by Tennessee Code Annotated § 30-1-151.
2. Whether the trial abused its discretion when it appointed the attorney for the mother, who is also the guardian of the estate of the decedent's minor child, after being made aware of the inherent conflict.

In the posture of appellee, GAL Bleavins seeks an award of attorney's fees and costs incurred in this appeal.

## STANDARD OF REVIEW

Rule 13 of the Tennessee Rules of Appellate Procedure provides that a trial court's findings of fact are reviewed "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). A trial court's conclusions of law, however, are not entitled to a presumption of correctness. ***Johnson v. Johnson***, 37 S.W.3d 892, 894 (Tenn. 2001). The trial court's discretionary decisions are reviewed under the following standard:

> An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.
>
> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted).

This case requires us to construe various statutes. "Issues of statutory construction are questions of law and shall be reviewed de novo without a presumption of correctness." *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 911–12 (Tenn. 2000). In construing statutes, we keep the following guidance in mind:

> Our resolution of this issue is guided by the familiar rules of statutory construction. Our role is to determine legislative intent and to effectuate legislative purpose. The text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. When the language of the statute is clear and unambiguous, courts look no farther to ascertain its meaning. When necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme. However, these non-codified external sources "cannot provide a basis for departing from clear codified statutory provisions."

*Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012) (citations omitted).

## DISCUSSION

The parties make various arguments as to the propriety of the trial court's order. GAL Bleavins asserts that the trial court correctly removed Ms. Jones from serving as personal representative under section 30-1-106 because she does not have a statutory preference to serve. Section 30-1-106 provides:

> When any person dies intestate in this state, administration shall be granted to the spouse of that person, if the spouse makes application for administration. For want of application for administration upon the part of the spouse, the administration shall be granted to the next of kin, if such next of kin apply for it. If neither the spouse nor next of kin make application for administration, then administration shall be granted to a creditor proving the decedent's debt on oath before the probate court; provided, that when there is more than one next of kin, the probate court may decide which of the kin shall be entitled to the administration.

Thus, GAL Bleavins asserts that Mrs. Edmonds was first in line to serve. Moreover, GAL Bleavins contends that there was no proof of "want of application for administration upon

the part of the spouse" because Ms. Jones waited a mere three days following Decedent's funeral and less than two weeks following Decedent's death to file her petition to have herself appointed personal representative of the estate.

In addition, where Mrs. Edmonds loses her statutory priority to serve, either through failure to seek administration or declination to serve, section 30-1-106 provides that preference passes to Decedent's next of kin, i.e., Daughter, as represented by GAL Bleavins. Tenn. Code Ann. § 30-1-106 (stating that next of kin is second in priority to the spouse); *cf. Lakins v. Isley*, 200 Tenn. 353, 357, 292 S.W.2d 389, 391 (Tenn. 1956) (citing the predecessor to section 30-1-106 to hold as follows: "We are of the opinion that under the above Section quoted the Legislature meant to prefer the members of the family in providing for the granting of letters of administration, because they are the ones who inherit the estate, and are closer to the deceased by blood ties and by right of property than creditors or strangers to the estate.").[8] Given Ms. Jones's failure to provide Mrs. Edmonds or Daughter notice of her intent to open the estate or her petition, GAL Bleavins argues that Mrs. Edmonds and Daughter were deprived of their right to exercise their statutory preference to administer the estate. Finally, because Ms. Jones is simply not a beneficiary of Decedent's estate for purposes of intestate succession, GAL Bleavins contends that Ms. Jones has no standing to seek administration.

Ms. Jones asserts, however, that she was not required to provide Mrs. Edmonds and Daughter notice of her petition.[9] Additionally, she asserts that she was authorized to serve as personal representative under section 30-1-106 because Mrs. Edmonds, for her own part or on behalf of her daughter, failed to seek administration of the estate. Additionally, Ms. Jones contends that appointment of a personal representative is a matter of discretion where the trial court may disregard the statutory preferences outlined in section 30-1-106. *See Commerce Union Bank v. Fox*, 28 Tenn. App. 587, 589, 192 S.W.2d 233, 234 (Tenn. 1945) ("The personal fitness of applicants for administration should be considered by the court and may justify a court in disregarding the statutory order of preference.").[10] Moreover, Ms. Jones asserts that whether she was properly

---

[8] It is undisputed that GAL Bleavins was also chosen by Mrs. Edmonds as her nominee to serve as personal representative. However, "the nominee of a widow is not preferred over the next of kin." *Commerce Union Bank v. Fox*, 28 Tenn. App. 587, 591, 192 S.W.2d 233, 234 (Tenn. 1945).

[9] GAL Bleavins does not specifically address application of Tennessee Code Annotated section 30-1-117(b), discussed *supra*, to this case. Rather, she argues that notice was required in the absence of good cause pursuant to a local rule. Based on our resolution of this issue, we need not determine which rule prevails in this case. *But cf. In re Estate of Thompson*, No. M2011-00411-COA-R3-CV, 2012 WL 912859, at *6 (Tenn. Ct. App. Mar. 14, 2012) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 905, n.4 (Tenn. Ct. App. 2003)) ("Local rules adopted by trial courts may not conflict with the rules adopted by the Supreme Court or other substantive law.").

[10] No evidence was presented regarding any claim of unfitness, although Ms. Jones did raise a conflict of interest argument, discussed *infra*. The Tennessee Supreme Court has held that where there is no evidence of unfitness, the statutory order of preference should apply. *See Williams v. Stewart*, 166 Tenn. 615, 64 S.W.2d 194, 195 (Tenn. 1933).

appointed pursuant to section 30-1-106 is irrelevant because, once appointed, the only way to remove an administrator is for cause pursuant to Tennessee Code Annotated sections 30-1-151 and 35-15-706.

We are not persuaded by Ms. Jones's argument that whether she was properly appointed under section 30-1-106 is irrelevant to the consideration of whether she can be removed. More than a century ago, the Tennessee Supreme Court first recognized that a person improperly named as administrator could be recalled upon a petition of the next of kin where the petitioner submits sufficient evidence to show that the administrator was not entitled to serve. *See Wilson v. Hoss*, 22 Tenn. 142, 144 (Tenn. 1842) ("We do not doubt but that letters of administration improvidently granted to a person not entitled thereto may be recalled by the county court upon the application of the next of kin and citation of such administrator."); *see also Williams v. Stewart*, 166 Tenn. 615, 64 S.W.2d 194, 194 (Tenn. 1933) ("It is well settled by decisions of this court that when letters of administration are improvidently granted to a party not entitled thereto by law, such an appointment is revocable on the application of a party so entitled."). Here, both Mrs. Edmonds and Daughter have a statutory preference to administer the estate far stronger than any tenuous claim asserted by Ms. Jones.[11] Although Mrs. Edmonds has declined to serve as administrator, there is no dispute that GAL Bleavins, as the guardian of Daughter and therefore next in preference, has accepted the appointment. The preference statute, therefore appears to favor the appointment of GAL Bleavins in the absence of some unfitness as found by the trial court in its discretion.

The haste in which Ms. Jones filed her application is also an issue. Here, Ms. Jones filed her verified petition a mere three days following Decedent's funeral and less than two weeks following his death. Section 30-1-106 provides no express guidance as to what time period is required to allow a finding that there has been a "want of application" by the spouse or next of kin. Other law, however, suggests that a six month time frame is appropriate. *See* Tenn. Code Ann. § 30-1-301 (allowing the court to appoint a person to administer the estate where no person has sought to open the estate for six months following the decedent's death). In discussing a predecessor to section 30-1-106, the Tennessee Supreme Court has expressly held that while the preference "cannot continue indefinitely" and an invariable rule should not be adopted, a period of six months is "safe and reasonable." *Rodes v. Boyers*, 106 Tenn. 434, 61 S.W. 776, 776 (Tenn. 1901). In fact, the Tennessee Supreme Court has expressly held that where a public administrator is named based on a petition filed within six months of the decedent's death, the next of kin may file a petition to remove the public administrator to be instead named as administrator. *See Varnell v. Loague*, 77 Tenn. 158, 161 (Tenn. 1882) ("But we are clearly of opinion that the next of kin have the right within the six months, to have the estate administered in the ordinary mode, and for this purpose, to apply to the court for a

---

[11] In our reading of the verified petition, Ms. Jones asserts that her claim arises as the grandparent of the minor heir.

revocation of the letters issued to the public administrator."). Here, no evidence was presented to show a "want of application" by Mrs. Edmonds or Daughter, as Decedent's next-of-kin, other than the fact that no petition to open the estate had yet been filed. A delay of two weeks following a death, however, is simply not sufficient, without other proof, to show that the spouse and next-of-kin have in fact failed to administer the estate.

We also agree with GAL Bleavins that issues of standing must be considered. Here, there can be no dispute that Ms. Jones is not a beneficiary of Decedent's estate. *See* Tenn. Code Ann. § 31-2-104(b) (stating a parent of a decedent takes property by intestate succession only if the decedent has no surviving spouse and no surviving issue). Even if Ms. Jones is correct in her argument that Mrs. Edmonds should be excluded from sharing in any wrongful death recovery, discussed in detail *infra*, Ms. Jones would still not be considered a beneficiary of the estate as the proceeds would be distributed solely to Daughter.

The Tennessee Supreme Court has previously held that the trial court did not err in denying a petition to remove an administrator where the petitioner was not next of kin and had no right to take in the estate through intestate succession. *Lakins*, 292 S.W.2d at 391. In that situation, the court held that the petitioner lacked standing to seek removal. This Court has held that such a lack of standing extends not only to a petition to remove a previously appointed administrator, but to initial petitions to be appointed administrator. *See **Cravens v. Cravens***, 54 Tenn. App. 487, 494, 392 S.W.2d 825, 828 (Tenn. 1965) (citing *Lakins*, 292 S.W.2d at 391) ("Relatives, who would inherit nothing in the estate have no standing in court to be appointed administrator or to remove an administrator already appointed, where they have no interest in the estate as next of kin or distributees,").  Thus, Ms. Jones at this time is nothing more than a "stranger[] to the estate[.]" *Lakins*, 292 S.W.2d at 391.

Moreover, Ms. Jones's insistence that the trial court has discretion in appointing administrators has the effect of detracting from her own position: if the trial court can exercise its discretion in appointing an administrator without preference under section 30-1-106, the trial court would also have discretion to alter its interlocutory decision to remove a personal representative improvidently appointed in favor of a person more preferred under section 30-1-106 when justice so requires. The language of the removal statutes supports this view.

Removal of Ms. Jones as personal representative is governed by section 30-1-151: "Any executor or administrator may be removed in accordance with the procedures in § 35-15-706." In turn, section 35-15-706 provides the following guidance:

> (a) The settlor, a cotrustee, or a qualified beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative.

(b) The court may remove a trustee if:

(1) The trustee has committed a serious breach of trust;
(2) Lack of cooperation among cotrustees substantially impairs the administration of the trust;
(3) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries; or
(4) There has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.
(c) Pending a final decision on a request to remove a trustee, or in lieu of or in addition to removing a trustee, the court may order such appropriate relief under § 35-15-1001(b) as may be necessary to protect the trust property or the interests of the beneficiaries.

Very few cases have dealt with the application of sections 30-1-151 or 35-15-706; none have considered whether the enumeration of grounds for removal in section 35-15-706 precludes the trial court from removing an administrator on the ground that the administrator was improvidently appointed or that appointment was sought prematurely. Importantly, however, the language of both statutes indicates that the trial court "may" remove the administrator based on the enumerated factors. *See* Tenn. Code Ann. § 30-1-151 & 35-15-706(b). "'[A] provision couched in permissive terms is generally regarded as directory or discretionary.'" ***Baker v. Seal***, 694 S.W.2d 948, 951 (Tenn. Ct. App. 1984) (quoting 73 Am.Jur.2d *Statutes* § 22 (1974)) (noting exceptions to the general rule). Given the permissive language used in sections 30-1-151 and 35-15-706, it appears that the trial court retains discretion with regard to its removal decisions.

Additionally, we must consider these statutes as part of the entire scheme concerning administration of estates: "[S]tatutes should not be interpreted in isolation. The overall statutory framework must be considered, and '[s]tatutes that relate to the same subject matter or have a common purpose must be read in pari materia so as to give the intended effect to both.'" ***Coffee Cty. Bd. of Educ. v. City of Tullahoma***, --- S.W.3d ----, 2019 WL 2022363, at *11 (Tenn. May 8, 2019) (quoting ***In re Kaliyah S.***, 455 S.W.3d 533, 552 (Tenn. 2015)). Thus, the trial court's authority to remove an administrator must be read in conjunction with section 30-1-106's directive that the trial court consider the statutory preference of individuals seeking to administer the estate unless some unfitness is shown. *See also* ***Commerce Union Bank***, 192 S.W.2d at 234 (holding that the trial court may consider unfitness to disqualify a person with statutory priority from serving as administrator). It does not appear that section 35-15-706 should be interpreted in a way that limits the trial court's discretion to remove an administrator

that was improvidently appointed in clear violation of both section 30-1-106 and well-settled notions of standing. Indeed, stated another way, a person improvidently named administrator of an estate may be "unfit[]" to serve under section 35-15-706(b)(3). To hold otherwise would allow the section 30-1-106's preference requirements to be defeated by a proverbial race to the courthouse by a stranger to the estate.

Based on the foregoing, we cannot conclude that trial court abused its discretion in removing Ms. Jones as personal representative over Decedent's estate. Here, both Mrs. Edmonds and Daughter had priority over Ms. Jones under section 30-1-106. Although we express no opinion as to whether Ms. Jones was required to provide Mrs. Edmonds and Daughter with notice, the haste in which Ms. Jones filed her verified petition following Decedent's death meant it was impossible to infer solely from the circumstances that either Mrs. Edmonds or Daughter, through a guardian, declined to serve as administrator. *See generally* **Rodes**, 61 S.W. at 776; **Varnell**, 77 Tenn. at 161. Indeed, there is no dispute that GAL Bleavins is willing to serve as personal representative of the estate on behalf of Daughter. Under similar circumstances, the Tennessee Supreme Court has held that a minor heir's guardian was a proper person to serve as administrator of the estate, rather than the decedent's mother, who would not take from the estate through intestate succession. *See* **Lakins**, 292 S.W.2d at 391 (holding that the trial court did not abuse its discretion in naming the minor heir's father as administrator of the estate, rather than decedent's mother because she "would take no part of the personal assets nor any part of the recovery, if any"). Moreover, even if we were to conclude that GAL Bleavins is simply "the nominee of the spouse," she still has preference over Ms. Jones, who is nothing more than a stranger to the estate. *See* **Commerce Union Bank**, 192 S.W.2d at 234 ("The nominee of the widow should be preferred to a creditor or a stranger. . . . The nominee of the next of kin is preferred to a creditor or stranger."). Thus, the undisputed facts in the record show that GAL Bleavins was an individual with priority under section 30-1-106 willing to administer the estate. Ms. Jones was therefore improvidently appointed personal representative of Decedent's estate and subject to removal. *See* **Wilson**, 22 Tenn. at 144 (allowing removal of an administrator improperly named where the administrator had proper notice and evidence supporting the removal was presented); *see also* **Varnell**, 77 Tenn. at 161 (granting the next-of-kin's petition to remove a public administrator where its petition to be appointed was premature). Moreover, given the promptness in which Mrs. Edmonds filed her verified petition to remove Ms. Jones as personal representative after being notified of the appointment, it does not appear from the record that any prejudice resulted from the removal. As such, the trial court did not abuse its discretion in ordering that Ms. Jones be removed either for "unfitness" under section 35-15-706(b)(3) or simply because Ms. Jones was improvidently appointed.

Although not specifically couched in these terms, Ms. Jones next argues that the trial court abused its discretion in naming GAL Bleavins as personal representative due to unfitness in the form of a conflict of interest. *See* **Commerce Union Bank**, 192 S.W.2d at 234 (holding that the trial court has discretion to ignore the statutory priority rules where

the administrator with priority is unfit). Specifically, Ms. Jones asserts that there is a conflict in this case between Mrs. Edmonds and Daughter concerning the distribution of any wrongful death proceeds due to the application of Tennessee Code Annotated section 20-5-106(c)(1). This statute provides that a spouse may be disqualified from instituting an action and sharing in wrongful death proceeds "if the children or next of kin establish the surviving spouse has abandoned the deceased spouse as described in § 36-4-101(a)(13)[12] or otherwise willfully withdrawn for a period of two (2) years." Tenn. Code Ann. § 20-5-106(c)(1); *see also* Tenn. Code Ann. § 20-5-106(c)(2) (creating a rebuttable presumption of abandonment where a "period of two (2) years has passed since the time of abandonment or willful withdrawal").

According to Ms. Jones, this statute creates a conflict of interest between Mrs. Edmonds and Daughter, who stands to inherit significantly more wrongful death proceeds in the event that Mrs. Edmonds is disqualified from sharing in the estate. Although the appointment of a guardian ad litem for the child would appear to quash any purported conflicts of interest, Ms. Jones asserts that such is not the case here where Mother's counsel and GAL Bleavins undisputedly practice in the same law firm. Based on this alleged conflict of interest, Ms. Jones asserts that GAL Bleavins should not have been named personal representative and that she, as the next of kin despite her inability to take from the estate, should have been allowed to serve.

Respectfully, we cannot agree with Ms. Jones's assertions. As an initial matter, we note that Ms. Jones cites no law to support her assertion that this situation creates a conflict of interest or that she has standing to assert this argument given the fact that she has no right to take from the estate. Moreover, these issues appear to concern less whether Daughter's guardian should be able to administer Decedent's estate than whether an attorney from Mrs. Edmonds's counsel's law firm should have been appointed as the guardian ad litem for the child; this issue is therefore more properly addressed in the guardianship proceeding. Additionally, Tennessee law provides that wrongful death proceeds do not become part of the estate of the deceased. *See* **Holliman v. McGrew**, 343 S.W.3d 68, 73 (Tenn. Ct. App. 2009) ("In a wrongful death action, the statutory beneficiary is the real party in interest, and neither the claim nor the recovery becomes a part of the estate of the deceased."). As such, it is entirely unclear why a purported conflict of interest regarding the distribution of wrongful death proceeds would have any effect on this estate matter.[13]

---

[12] Section 36-4-101(13) provides a ground for divorce where "[t]he husband or wife has abandoned the spouse or turned the spouse out of doors for no just cause, and has refused or neglected to provide for the spouse while having the ability to so provide[.]"

[13] Although a personal representative may institute the wrongful death action, it is not required. *See* Tenn. Code Ann. § 20-5-107 ("The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin; also, without the consent of the personal representative, either may use the personal representative's name in bringing and prosecuting the suit, on

Finally, we note that although Ms. Jones's pleadings allege that Mrs. Edmonds abandoned Decedent within the meaning of section 20-5-106(c), no evidence has been presented to support these allegations. Both parties agreed to allow the trial court to hear this dispute without the benefit of evidence. Unsupported, unadmitted allegations, however, simply are not evidence. *See Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012) (citing *Threadgill v. Bd. of Prof'l Resp.*, 299 S.W.3d 792, 812 (Tenn. 2009)). Nothing in Mrs. Edmonds pleadings or arguments admits that she abandoned Decedent or even that she and Decedent had been separated for a period of more than two years so as to create a presumption of abandonment. *See* Tenn. Code Ann. § 20-5-106(c)(2). As such, the record lacks evidence to sustain Ms. Jones's allegation that Mrs. Edmonds abandoned Decedent. In the absence of proof of abandonment, Ms. Jones cannot show that a conflict exists between Mrs. Edmonds and Daughter such that the appointment of Daughter's guardian ad litem was inappropriate. Ms. Jones's assertion that GAL Bleavins should not have been named as personal representative due to a conflict of interest is therefore without evidentiary support and cannot be sustained at this time.

In sum, the trial court has discretion to remove a personal representative under the factors contained in section 35-15-706(b), as well as based on proof that the administrator was improvidently appointed. Here, the undisputed facts show that, under the circumstances of this particular case, Ms. Jones was improvidently named personal representative in violation of section 30-1-106. As such, the trial court did not abuse its discretion in removing Ms. Jones and appointing GAL Bleavins, as the representative of Decedent's next of kin and nominee of Mrs. Edmonds.

As a final matter, GAL Bleavins seeks an award of attorney's fees incurred in this appeal pursuant to Tennessee Code Annotated section 35-15-1004(a): "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." Section 35-15-1004(a) expressly applies to proceedings "involving the administration of a trust[.]" This case does not involve administration of a trust. Although this court has once awarded fees under this statute in an estate matter that did not appear to include a trust, *see In re Estate of Schorn*, No. E2013-02245-COA-R3-CV, 2015 WL 1778292, at *10 (Tenn. Ct. App. Apr. 17, 2015), other cases citing this statute indeed involve administration of a trust. *See, e.g., In re Willard R. Sparks Revocable Tr. 2004*, No. W2017-01497-COA-R3-CV, 2018 WL 6720687, at *6 (Tenn. Ct. App. Dec. 20, 2018) (involving administration of a trust); *Cartwright v. Garner*, No. W2016-01424-COA-R3-CV, 2018 WL 4492742, at *9 (Tenn. Ct. App. Sept. 19, 2018), *perm. app. denied* (Tenn. Feb. 25, 2019) (involving a dispute between co-trustees and the trust beneficiary); *Cartwright v. Garner*, No. W2016-01423-COA-R3-CV, 2018 WL 3814632, at *3 (Tenn. Ct. App. Aug. 10, 2018), *perm. app. denied* (Tenn. Jan. 18, 2019) (same); *Goza v.*

giving bond and security for costs, or in the form prescribed for paupers.").

***SunTrust Bank***, No. W2014-00635-COA-R3-CV, 2015 WL 4481267, at \*6 (Tenn. Ct. App. July 22, 2015) (involving a challenge to distributions from a trust); ***Cartwright v. Jackson Capital Partners, Ltd. P'ship***, 478 S.W.3d 596, 628 (Tenn. Ct. App. 2015) (involving claims by a beneficiary of various trusts against several defendants serving as trustees and co-trustees); ***In re Estate of Goza***, No. W2013-00678-COA-R3-CV, 2014 WL 7235166, at \*6 (Tenn. Ct. App. Dec. 19, 2014) (involving an estate action that included issues related to a trust). Because this case does not involve a trust and GAL Bleavins has cited no additional support for her request for attorney's fees, we exercise our discretion to deny the request in this case.

## CONCLUSION

The judgment of the Shelby County Probate Court is affirmed and this matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed to Appellant Sherry Jones, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE